■ SARA COHEN, Respondent, v. MAC KRANZ et al., Appellants.—■

■ Plaintiff contended, and the trial court found, that defendants were notified of objections to their title prior to the adjourned law date, but took no steps to remove the objections; and that because of the defects in defendants' title, plaintiff was excused from tendering payment. The contract was dated September 22, 1959. The original law date was November 15, 1959. Plaintiff's attorney conceded that he sought and obtained, on November 9, 1959 or November 10, 1959, a postponement of the law date to December 15, 1959, without any indication to defendants' attorney that title would be rejected. On November 30, 1959, plaintiff's attorney wrote to defendants' attorney, demanding return of the contract deposit, and rejecting title upon the ground of illegality of the swimming pool structure on the premises. Plaintiff's attorney failed, however, to specify any basis for the claimed illegality, or to make any tender, or to make any demand for performance by defendants. Nor is there any claim by plaintiff

that payment was ever tendered. We find on this record: (1) that specific objections to title were not raised until January 25, 1960; (2) that these objections could have been removed by defendants upon proper and timely notice and demand; and (3) that there was no proof of any waiver by defendants of a tender by plaintiff. A vendee who rejects title in advance of the law date without tendering performance, without demanding performance by the seller, and without a waiver by the seller of the vendee's tender, has defaulted on the contract and is precluded from recovering the contract deposit. Under such circumstances, it is immaterial that the contract contained the usual insurability clause (*Amity Associates* v. *Amity Farms Shopping Center*, 11 A D 2d 811, motion for leave to appeal denied 9 N Y 2d 609). The contract price here was $40,000 net. Subsequent to plaintiff's default the defendants sold the property for a net price of $34,000, and thus suffered a loss of $6,000. Defendants therefore are entitled to retain the contract deposit of $4,500 and to a judgment upon their counterclaim for the difference of $1,500, with interest thereon from December 15, 1959, the adjourned closing or law date. Beldock, P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.