■ MOLLIE LEIBOWITZ, Respondent, v. ELAINE COHEN et al., Appellants. — In a replevin action to recover a diamond ring or damages, the defendants appeal from an order of the Supreme Court, Kings County, dated April 2, 1963, which granted plaintiff's motion for summary judgment against the defendant Elaine Cohen, and *inter alia* directed an assessment to determine the value of the ring and the damages, if any. Order reversed, with $10 costs and disbursements, and plaintiff's motion for summary judgment denied. In our opinion, the record presents triable issues of fact which should be resolved upon a plenary trial. Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.

■ LEME REALTY CORP., Respondent, v. KINGS MERCANTILE CO., INC., Appellant, et al., Defendant.— In an action by a vendee for specific performance of a contract for the sale of real property or for the recovery of the deposit and title expense, the vendor — the corporate defendant — appeals from a judgment of the Supreme Court, Richmond County, rendered February 26, 1963 upon the court's written decision after a nonjury trial, in the plaintiff's favor in the sum of $9,384.49, for the deposit, the title expense, interest and costs. Judgment affirmed, with costs. It appears that as of the closing day there was an incumbrance on the property. It also appears that in the written contract between the parties the seller made a representation with respect to the location and use of sewers; that such representation was untrue; that under the terms of the contract the vendee was entitled to the return of its deposit upon notifying the vendor of the falsity of the representation within the time prescribed; and that the vendee duly gave such notice. Under the circumstances, the defendant seller was not entitled to a forfeiture of the deposit. Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hill, JJ., concur.

■ MYRTLE R. MARATTA et al., Respondents, v. ASSOCIATED SALES ANALYSTS, INC., Appellant.— In an action to recover damages for breach of a contract, defendant appeals from an order of the Supreme Court, Westchester County, dated May 15, 1963, which, upon reargument, adhered to its original decision granting plaintiffs' motion for summary judgment and directing that the amount of the damages be determined upon an assessment by the court and a jury. Order affirmed, with $10 costs and disbursements. The contract was between all the stockholders (including the two plaintiffs) of a corporation, Royer & Roger, Inc., and the corporate defendant, for the sale to the defendant of all the stockholders' shares in the Royer corporation. Part of the consideration was 29,585 shares of the capital stock of the corporate defendant, to be distributed amongst the selling stockholders. The provision of the contract which plaintiffs claim was breached was one requiring defendant " to use its best efforts to cause the registration " prior to February 28, 1962 of the 29,585 shares under the Securities Act of 1933 (U. S. Code, tit. 15, § 77a *et seq.*). It clearly appears that the defendant made no application for such registration, i.e., it did not file a registration statement with the Securities and Exchange Commission. Hence, as to the claimed breach of the contract, no issue of fact is presented. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.