■ LEADING BUILDING CORPORATION, Appellant, v JOSEPH SEGRETE et al., Respondents.—In an action, *inter alia,* to recover damages for breach of a contract for the sale of real property, in which defendants counterclaimed for the return of their down payment, plaintiff appeals from a judgment of the Supreme Court, Suffolk County, dated November 19, 1976, which, after a nonjury trial, is in favor of defendants on their counterclaim. Judgment reversed, on the law and the facts, with costs, defendants' counterclaim dismissed and action remanded to the Supreme Court, Suffolk County, for further proceedings in accordance herewith. The contract entered into by plaintiff and defendants, *inter alia,* contained the following provisions: "(21) If * * * the building shall not be ready for occupancy at the date hereinafter set forth for the closing of title, then the said title closing shall be adjourned to a date to be set by the seller which date shall not be beyond one month after said dwelling shall be ready for occupancy and all necessary reports, approvals and instruments shall have been issued. * * * (34) The deed shall be delivered upon receipt of said payments at the offices of the attorney for the seller, or at an office designated by the lending institution at 2 PM o'clock on or about    , 19    , or at another date and time designated by the seller upon ten (10) days written notice mailed to the purchasers at their address hereinabove set forth." Typed in is the following: "INSIDE DATE APRIL 1, 1975 OUTSIDE DATE MAY 1, 1975". We find, upon examination of the contract in its entirety, that the parties did not evince an intention to make time of the essence by placing an "inside date" and "outside date" in the contract. Accordingly, although plaintiff could not close on May 1, 1975, it remained entitled to a reasonable adjournment (here, to May 29, 1975) to enable it to comply with the conditions of the contract. Therefore, when defendants sought to cancel the contract and obtain the return of their down payment, by letter dated May 3, 1975, they were wrongfully repudiating the contract. Since the purchasers are the defaulting parties, the usual rule barring a defaulting purchaser from reclaiming his down payment must be applied (cf. *Arroyo v Patayne Estates,* 25 AD2d 424; *Silverstein v United Cerebral Palsy Assn. of Westchester County,* 17 AD2d 160, 164-165). We remand to Special Term to determine whether plaintiff suffered damages in excess of the amount of the down payment by virtue of defendants' default. In the event plaintiff suffered such

damages, it would be entitled to recovery thereof. Hopkins, J. P., Shapiro, Hawkins and O'Connor, JJ., concur.