OPINION OF THE COURT
 

 Memorandum.
 

 The order should be reversed and the petition dismissed.
 

 It is now settled that double jeopardy is applicable in juvenile proceedings
 
 (Breed v Jones,
 
 421 US 519). That bar precludes appellate review of factual determinations which have been resolved in the accused’s favor by the original trier of facts (see
 
 United States v Ball,
 
 163 US 662, 671;
 
 United States ex rel. Graham v Mancusi, 457
 
 F2d 463, 469; cf.
 
 United States v Jenkins,
 
 420 US 358, 366-367;
 
 People v Brown,
 
 40 NY2d 381, cert den. 429 US 975). Thus, however it might have disagreed with it, the Appellate Division was bound by the Family Court’s determination that appellant was not guilty of robbery or assault. If appellant did not participate in or facilitate the robbery, there was insufficient proof on which to premise a finding that the defendant knew that the purse was stolen beyond that which had been offered in support of the unsuccessful prosecution on the robbery charge, or indeed that he had even taken possession of the purse. He could not be
 
 *901
 
 found guilty of acts which, if committed by an adult, would constitute the crime of criminal possession of stolen property.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order reversed, without costs, and petition dismissed in a memorandum.