■    COLONIAL DIVERSIFIED, INC., Respondent, v ASSURED HOLDING CORP., et al., Appellants, et al., Defendant.—In an action, *inter alia,* to recover a down payment made under a contract for the sale of real property, defendants Assured Holding Corp. and Robert L. Young appeal from so much of a judgment of the Supreme Court, Nassau County, entered April 25, 1978 as, after a nonjury trial, dismissed Assured Holding Corp.'s counterclaim and directed that the $2,500 down payment be returned to the plaintiff. Judgment reversed insofar as appealed from, on the law and facts, with costs, complaint dismissed, and judgment awarded in favor of the defendant Assured Holding Corp. on its counterclaim in the sum of $3,500 plus interest. By contract dated May 6, 1976, the appellants agreed to sell to the

plaintiff a commercial building in Bellmore, New York at a purchase price of $38,000. Plaintiff thereafter paid the sum of $2,500 towards the purchase price and, by the terms of the contract, agreed to pay the balance due at the closing by "cash or good certified check". Prior to the closing, plaintiff indicated to the appellants that it would comply with the foregoing provision by tendering a check of the Small Business Administration drawn on the United States Treasury. The record shows that such a check could not be certified, and that the appellants promptly informed the plaintiff that they would not accept such a check in payment. For this reason the closing never took place. From the foregoing, it is apparent that the plaintiff was the defaulting party (see *Grace v Nappa,* 46 NY2d 560), and as a result is barred from recovering its down payment, as well as remaining liable for damages sustained by the appellants by virtue of its default (see *Leading Bldg. Corp. v Segrete,* 60 AD2d 907, app dsmd 44 NY2d 901). "The measure of damages upon a written contract to purchase land is the difference between the contract price and the market price" *(Levy v 315 West 79th St. Corp.,* 222 App Div 9, 11). At the trial, the appellants presented expert testimony to the effect that the market value of the subject property at the time of the default was $32,000. In addition, the appellants subsequently proved that they were only able to resell the property for $32,000. Appellants have, therefore, established actual damages of $6,000, and are entitled to recover said sum less the $2,500 down payment already in their possession. In reaching this conclusion, we are aware of the fact that the appellants' answer alleged that the market value of the property was $35,000 rather than the $32,000 established at trial. We do not find this fact to be determinative, however. In a notice of intention to amend its answer dated January 11, 1978 the appellants gave written notice to the plaintiff that a motion would be made at trial to amend Assured Holding Corp.'s counterclaim to allege that the market value of the property was $32,000. At the trial, which commenced on March 30, 1978, the appellants so moved, and while Trial Term never specifically ruled upon this motion, its final judgment was, in effect, a denial thereof. In spite of this fact, however, the court permitted appellants' expert to testify to the lower value. Pursuant to CPLR 3025 (subd [b]), leave to amend pleadings shall be freely given. The amendment sought to be made did not change the theory of the appellants' case nor did it come as a surprise to the plaintiff. Accordingly, since there was no prejudice to the plaintiff, the motion to amend should have been granted (see *Lermit Plastics Co. v Lauman & Co.,* 40 AD2d 680) and recovery allowed as provided herein (see, also, CPLR 3025, subd [c]; *Harbor Assoc. v Asheroff,* 35 AD2d 667, 668, mot for lv to app den 27 NY2d 490). O'Connor, J. P., Lazer, Rabin and Gulotta, JJ., concur.