■ ELIZABETH GLUCK et al., Respondents, v AMSTERDAM PRINTING & LITHO CORPORATION et al., Appellants.—Appeal (1) from an order of the Supreme Court at Special Term, entered July 20, 1979 in Albany County, which granted partial summary judgment in favor of plaintiffs, and (2) from the judgment entered thereon. Plaintiffs' action is for the balance of installment payments due them from the corporate defendant and individual guarantors under the terms of written agreements. Nearly identical in

content, except for the amounts of compensation payable to each, the agreements provided that plaintiffs would not compete with the defendant corporation or affiliated entities for a certain period of time. As an affirmative defense, defendants resist further payments, asserting that plaintiffs have reported the moneys received thus far as capital gains, rather than ordinary income, whereas the defendant corporation has claimed the entire sum it paid as an ordinary business expense. An inquiry has been made concerning the propriety of these deductions and it anticipates substantial assessments may be levied by the Internal Revenue Service. Their answer also contains a $50,000 counterclaim for the expenses to be incurred in resisting the expected action of IRS. In granting summary judgment to plaintiffs, Special Term specifically stated that it did not determine any issue relating to the counterclaim. The contracts do not contain any reference to the manner in which plaintiffs were to report the moneys received on their income tax returns. Nor do we find that any such term may be fairly implied from the wording actually employed by the parties. Defendants have agreed to compensate plaintiffs for their promises not to compete. It is not unreasonable to expect that the tax consequences of the transaction would be considered, resolved and embodied in their agreements which are plainly intended to be whole and complete in all other respects. Not only are they silent on the topic, each recites that it "contains the entire understanding between [the parties] and supersedes all prior negotiations, discussions and understandings heretofore had between them respecting the subject matter hereof". Defendants' affidavits maintain that the payments originally proposed were increased to ease plaintiffs' expected income tax liability on their oral representations that such amounts would be taxed as ordinary income. In reality, defendants are not asking that an implied condition be discovered, but that the breach of a supposed oral term be recognized as a defense to plaintiffs' contract action. However, since they have not demonstrated mutual mistake or fraud, the parol evidence rule, buttressed by the foregoing general merger clause, absolutely bars this purported defense (compare *Sabo v Delman,* 3 NY2d 155, 161, with *Fogelson v Rackfay Constr. Co.,* 300 NY 334, 340; cf. *Woodmere Academy v Steinberg,* 41 NY2d 746). Having determined that Special Term properly awarded summary judgment to plaintiffs on their complaint, we further conclude that it should have dismissed defendants' counterclaim. Even if defendants' tax deductions are eventually disallowed, they may not seek to place the responsibility for any additional expenses on plaintiffs because that too would depend on the existence of some promise of indemnification which cannot be found in the parties' agreements. Order and judgment modified, on the law, by granting plaintiffs summary judgment dismissing defendants' counterclaim, and, as so modified, affirmed, with costs. Sweeney, J. P., Kane, Staley, Jr., Main and Casey, JJ., concur.