■ DOROTHEA L. TATOR, Respondent, v JONATHAN J. SALEM, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered October 5, 1979 in Rensselaer County, upon a decision of the court at a Trial Term, without a jury. On August 22, 1976, the parties entered into a written agreement pursuant to which defendant was to purchase certain realty from plaintiff for the sum of $65,000. According to the agreement, the purchase offer was contingent upon defendant obtaining a mortgage loan in the amount of $52,000 from a local lending institution at the current rate of interest, but this contingency was to be deemed waived if defendant did not notify plaintiff's agent, Bryce Real Estate, Inc., by registered mail no later than 45 days after acceptance of the offer of his inability to obtain the loan. Subsequently, on October 5, 1976, defendant and his spouse obtained from the Hudson City Savings Institution a mortgage commitment in the amount of $59,200 which was made subject to any state of facts which further financial investigation or search of the premises might reveal at any time prior to the signing of the bond and mortgage. Plaintiff was allegedly informed that the mortgage application had been approved, and the contractual 45-day mortgage contingency period then expired without further incident on October 7, 1976. With these circumstances prevailing, defendant's spouse was advised by a letter dated October 8, 1976 from the State Education Department that she would not be able to practice public accountancy in the State of New York without qualifying as a certified public accountant. When the Hudson City Savings Institution was thereafter apprised by defendant of this development, it notified defendant and his spouse by letter dated October 20, 1976 that the subject mortgage commitment was withdrawn, and by letter dated the following day defendant notified plaintiff of the change of the lending institution's position and of his resultant inability to perform in accordance with the contract. There ensued the present action which was commenced on December 5, 1976 and wherein plaintiff sought specific performance of the contract. Plaintiff also placed the realty in question back on the market, and eventually, on October 21, 1977, she accepted a purchase offer of $55,000 from a third party to whom she conveyed the property on December 2, 1977. The complaint in this action was then amended to demand direct damages of $10,000 plus various consequential damages allegedly caused by defendant's breach of the contract, and the matter later came on to be tried without a jury. Ultimately, the court awarded plaintiff $10,000 direct damages, i.e., the difference between the original contract price and the eventual sales price for the property, and also consequential damages of $749.57 for property taxes paid by plaintiff from December 1, 1976 to December 1, 1977, $3,900 for one year's interest on the $65,000 contract price and $1,800 for excess broker's commissions resulting from the second contract to sell the property. In all, plaintiff's judgment totaled $13,949.57, i.e., $16,449.57 less a $2,500 deposit which defendant had paid to Bryce Real Estate, Inc. This appeal followed, and we hold that the trial court was correct in ruling that defendant had breached the contract to purchase plaintiff's property. Although defendant's duty to

purchase the property was admittedly contingent upon his obtaining a mortgage loan, this condition was plainly waived by defendant's failure to notify plaintiff within the contractually provided 45-day period of his inability to obtain a loan. Time was obviously of the essence with regard to this notice and waiver clause so that plaintiff would not be unduly delayed in seeking another purchaser for her property if defendant was not going to be able to perform on the contract, and the situation here is unlike that presented in *Ballen v Potter* (251 NY 224) and *Leading Bldg. Corp. v Segrete* (60 AD2d 907, app dsmd 44 NY2d 901), each of which concerns only the designation of a date for closing title. Under these circumstances, defendant's failure to tender the purchase price constituted a breach of the contract for which he was rightly held liable to plaintiff. In so ruling, we additionally note that defendant cannot justifiably complain that he is an innocent victim upon whom liability is being imposed merely because the lending institution withdrew its mortgage-loan commitment. Not only did defendant apply for a mortgage loan in an amount substantially in excess of the $52,000 sum contemplated in the parties' agreement, but also he made no apparent attempt to make alternate financing arrangements once the commitment was withdrawn despite the fact that he owned a considerable amount of land in several States. Furthermore, the record indicates that he also misled Hudson City Savings Institution by indicating that his wife would have no earning power until she qualified as a certified public accountant. Circumstances such as these, together with plaintiff's legitimate right under the contract to receive $65,000 for the sale of her property, clearly establish the equitableness and propriety of holding defendant responsible to plaintiff for breach of the contract. Turning lastly to the question of damages, we find that the award of $10,000 direct damages was proper and should not be disturbed (cf. *Cohen v Kranz*, 15 AD2d 938, affd 12 NY2d 242). The award of consequential damages for property taxes, interest on the contract price and broker's commissions is against the weight of authority, however, and it should, therefore, be vacated (see 62 NY Jur, Vendor and Purchaser, § 155). Judgment modified, on the law, by vacating the award of consequential damages and reducing plaintiff's judgment from $13,949.57 to $7,500, and, as so modified, affirmed, with costs to plaintiffs. Sweeney, J.P., Main, Casey, Mikoll and Yesawich, JJ., concur.