■ RONALD C. COOPER et al., Respondents-Appellants, v FRED C. BOSSE et al., Appellants-Respondents. — In an action to recover damages for breach of a contract for the conveyance of real estate, defendants appeal from so much of an order of the Supreme Court, Westchester County (Cerrato, J.), dated May 26, 1981, as granted plaintiffs' (the vendees) cross motion for partial summary

judgment and directed defendants to return the down payment. Plaintiffs' notice of cross appeal is included in plaintiffs-respondents' brief and is from so much of the above order as granted defendants' motion to dismiss their second cause of action against defendant Bosse, Jr., for alleged breach of fiduciary duty. Order modified, on the law, by (1) deleting therefrom the provision granting plaintiffs' cross motion for summary judgment and substituting therefor, a provision denying said cross motion, and (2) adding thereto a provision that the defendants are granted summary judgment dismissing plaintiffs' first cause of action. As so modified, order affirmed insofar as appealed from by the defendants, with $50 costs and disbursements to defendants, and defendants' counterclaims are severed and continued. Plaintiffs' cross appeal is dismissed. The plaintiffs have failed to comply with the provisions of 22 NYCRR 670.8. A respondent may not perfect a cross appeal by submitting only the notice of cross appeal in his brief, using the record furnished by the appellant, absent the consent of the appellant. The undisputed facts of this matter disclose that on October 20, 1980 the defendants Fred C. Bosse and Audrey Bosse, as sellers, and plaintiffs, as purchasers, executed a contract for the purchase and sale of said defendants' Valhalla, New York, home. The closing date was set "on or before December 15, 1980, or on such other date as may be mutually agreed upon by the parties." Defendant Bosse, Jr., who represented the sellers, then received a check for the down payment in the amount of $11,590, which he deposited in a trustee account. On December 5, 1980, plaintiffs' attorney telephoned defendant Bosse, Jr., and advised him that plaintiffs would be unable to close on December 15, that plaintiffs had planned to purchase the premises with proceeds derived from a speculative purchase and sale of a condominium in Connecticut and that, as they were defrauded by a real estate broker in that transaction, they lacked the necessary funds to buy the Valhalla residence. By letter dated December 8, 1980, plaintiffs' attorney confirmed that plaintiffs would not close or take title on December 15. The letter stated that plaintiffs "are now without sufficient funds to purchase the house * * * It has been an unfortunate outcome and I hope that everyone can be returned to the status quo." The attorney went on to request that defendants deduct from the down payment any expenses they might have incurred and, to return the balance to plaintiffs. By letter dated December 11, 1980, defendant Bosse, Jr., acknowledged plaintiffs' inability to take title, stated that a discussion of damages was "premature" and indicated that he would keep plaintiffs apprised of his efforts to secure another buyer. The defendant vendors then put the house back on the market. On December 18 they received an offer from a new buyer which they decided to accept. On December 22, defendant Bosse, Jr., received a letter from plaintiffs' attorney stating that plaintiffs had recouped their losses in the condominium transaction, and were now ready to close title in mid-January, 1981. Defendant Bosse, Jr., called plaintiffs' attorney on December 22 and advised him that other parties were interested, although no contract had been signed. Plaintiffs' attorney was advised that the house could now be sold to plaintiffs if three new conditions were met: (1) execution of a new contract of sale; (2) reflection of a price increase of $5,000 in said contract; and (3) acceptance of such by December 23, 1980. Plaintiffs' attorney was further advised that notification of plaintiffs' decision had to be given to defendants by the close of business on December 23, 1980. When no reply to these new conditions was forthcoming, defendant Bosse, Jr., mailed a contract to the alternate buyers. On December 29 plaintiffs demanded that the original contract be carried out. As defendants did not agree, plaintiffs filed suit against Fred and Audrey Bosse, alleging breach of contract for the conveyance of real estate, and demanding return of

the down payment. A cause of action against Fred Bosse, Jr., alleging breach of fiduciary duty, was also asserted, and punitive as well as actual damages were sought against Bosse, Jr., for his failure to return the down payment. The defendant vendors counterclaimed for breach of contract by plaintiffs for their refusal to take title on December 15. Defendants' verified answer also included three counterclaims by the defendant, Bosse, Jr. The defendant vendors are entitled to retention of the down payment as a matter of law. It has long been the law of New York that, "[a] vendee who, without breach on the part of the vendor, refuses to perform a contract for the purchase of real estate, cannot recover from the vendor either the amount paid on the purchase price, or a deposit by him as earnest money * * * where the vendor is ready, able, and willing to perform upon his part" (62 NY Jur, Vendor and Purchaser, § 137, p 406; *Steinhardt v Baker,* 163 NY 410; *Lawrence v Miller,* 86 NY 131). Thus, Special Term's holding that "[u]pon the failure of plaintiffs [vendees] to go through with the sale, one of the plaintiffs' remedies is to demand the return of their down payment", is not the law of this State. In the case at bar, plaintiffs' attorney's December 8, 1980 letter indicating an inability to perform and requesting return of the down payment, followed by nonperformance on December 15, constituted a default. In addition, where a purchaser, prior to the time of performance, seeks to repudiate or renounce a contract, this may be treated by the vendor as a complete anticipatory breach, in which case there is no necessity for the tender of performance or the waiting for the time of performance to arrive (*Matthews v Bearce,* 65 AD2d 853). Plaintiffs, prior to the date of closing of title, stated that they would not take title and made no request for adjournment of the law day, nor did they seek acquiescence by the defendant vendors in any delay (see *Ring 57 Corp. v Litt,* 28 AD2d 548; *Clifton Park Affiliates v Howard,* 36 AD2d 984). Once having defaulted, therefore, plaintiffs could not insist that the original contract be carried out, and the defendant vendors were free to sell their residence to alternate buyers or insist upon a new contract with the plaintiffs, if plaintiffs still wished to proceed with the purchase. Finally, we note that a vendor's right to maintain an action for breach of contract is not affected by the fact that he resells the property after the refusal of the vendee to perform, and the measure of damages sought by him may certainly exceed the portion of the contract price already paid. Accordingly, although the liability of the plaintiff vendees has been established, the question of the defendant vendors' damages requires a trial (see *Colonial Diversified v Assured Holding Corp.,* 71 AD2d 1011; *Cohen v Kranz,* 15 AD2d 938, affd 12 NY2d 242; cf. *Howells v Albert,* 37 Misc 2d 856). Since the counterclaims of both the defendant vendors and the defendant Bosse, Jr., were not considered by Special Term on this motion, the counterclaims are hereby severed and continued. Lazer, J. P., Rabin, Cohalan and Bracken, JJ., concur.