■ CHARLES SUTTON, Appellant, v MARY SANTORA et al., Respondents. — Order, Supreme Court, Kings County (Arthur S. Hirsch, J.), entered November 2, 1978, which granted renewal and reargument, and upon such renewal and reargument, adhered to its original determinaion, which *sua sponte* granted summary judgment for the defendants and dismissed the complaint, unanimously reversed to the extent of vacating the grant of summary judgment for the defendants, granting the plaintiff's motion for summary judgment on the issue of liability, and remanding the action for assessment of damages, on the law, with costs, and otherwise affirmed. By order of the Appellate Division, Second Department, entered on December 8, 1981, this appeal was transferred to this court for hearing and determination. On June 25, 1971, Plover Builders, Inc., the seller (of which plaintiff is the sole shareholder and director) contracted with the defendants, the purchasers, for the sale of a two-family home. The contract provisions stated that the defendants would apply for an F.H.A. mortgage and, if obtained, would purchase the home for a total price of $25,500. The seller, under the standard F.H.A. rider provision,* agreed to provide an F.H.A. appraisal of the property prior to closing. On the contract day, defendants presented an escrow check for $1,500 with the balance to be financed by the F.H.A. insured loan, if obtained. Three days later the defendants, wishing to enter into possession of the premises, exchanged their escrow check for a down payment check paid free of escrow. On September 24, 1971, the plaintiff received a letter from the defendants' attorney, which indicated that the defendants "no longer wish[ed] to go further with the purchase of the house". Thereafter, on March 20, 1973, the plaintiff, as assignee of the contract from Plover Builders, Inc., commenced this action for breach of contract and sought damages in the amount of $15,000. Special Term's reliance on the F.H.A. rider provision to require the seller to first produce the appraisal statement is misplaced. Though the National Housing Act (see n 1) does require the seller to furnish a copy of the appraisal statement prior to the closing, it is the contract provisions that must be examined to determine who must apply for the F.H.A. mortgage. The contract of sale provided that the purchasers would obtain at their "own costs and expense an F.H.A. type mortgage in an amount not less than $23,500 * * * Purchaser agrees to cooperate with the bank or broker who shall process this mortgage and to execute and accomplish all applications, questionnaires and other necessary forms as may be presented to them." Clearly, the letter of September 24, 1971, almost three months after the signing of the contract, was a repudiation. Plaintiff, upon notice of the anticipatory breach, needed not to perform thereafter. (*Cohen v Kranz,* 12 NY2d 242; *Cooper v Boose,* 85 AD2d 616.) Inasmuch as the defendants never fulfilled their contractual obligation to apply for an F.H.A. mortgage, their subsequent breach of the contract would allow an action for damages. (See *Leading Bldg. Corp. v Segrete,* 60 AD2d 907.) The Federally mandated rider provisions only come into the picture when the purchaser has applied for an F.H.A. mortgage. (*United States v Neustadt,* 366 US 696.) In this instance, no protection would accrue to the defendants inasmuch as they never applied. Defendants' argument that prior to the signing of the contract there was an oral agreement that the plaintiff would obtain the F.H.A. commitment, is without merit. In this action, the alleged oral agreement was so clearly contrary to the written agreement that its

*. National Housing Act, § 226, US Code, tit 12, § 1715q; F.H.A. form 2800.

introduction would violate the parol evidence rule. (*Fogelson v Rackfay Constr. Co.,* 300 NY 334, 338.) The integrated merger clause included in the contract would be without purpose if prior oral agreements could survive. (See *Marine Midland Bank-Southern v Thurlow,* 53 NY2d 381, 387; *Gluck v Amsterdam Print. & Litho Corp.,* 77 AD2d 722, 723.) Concur — Kupferman, J. P., Sullivan, Ross, Fein and Milonas, JJ.