■ UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellant-Respondent, v MICHAEL DE NIGRIS et al., Respondents, and BRIAN KANG, Respondent-Appellant. COMPASS INSURANCE COMPANY et al., Third-Party Defendants and Respondents-Appellants. — In a declaratory judgment action, (1) plaintiff United Services Automobile Association (USAA) appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Westchester County (Burchell, J.), dated June 6, 1983, as declared that USAA's insurance policy covering defendant De Nigris was applicable to and covered damages resulting from an automobile accident involving De Nigris' leased automobile while it was being operated by defendant Kang, directed it to defend De Nigris, and held that De Nigris was entitled to counsel fees, (2) third-party defendants Compass Insurance Company (Compass), National Dealer Services (National), and Bellefonte Underwriters Mutual Insurance Company (Bellefonte) cross-appeal, as limited by their brief, from so much of the same judgment as declared that the garage liability policies of defendant Nardy Pontiac with Compass and National and the umbrella garage policy with Bellefonte afforded coverage in connection with the afore-mentioned automobile accident, and (3) defendant Kang appeals from an order of the same court, entered April 6, 1983, which denied him an award of attorney's fees against USAA for defending the within declaratory judgment action.

Judgment modified, on the law, by deleting decretal paragraphs one, three, five and six and substituting therefor the following provisions:

"ORDERED, ADJUDGED AND DECREED, that the defendant DeNigris is afforded coverage under the insurance policy issued by the plaintiff USAA to the extent of the policy limits and in accordance with the provisions of said policy in connection with the automobile accident which occurred on July 21, 1979; and it is further

"ORDERED, ADJUDGED AND DECREED, that the defendant Kang is afforded primary coverage under the insurance policy issued by

the defendant SELECTED RISK INSURANCE COMPANY, to the extent of the policy limits and in accordance with the provisions of the policy, and excess coverage under the insurance policy issued by the plaintiff USAA to the extent of the policy limits and in accordance with the provisions of the policy, in connection with the automobile accident which occurred on July 21, 1979; and it is further

"ORDERED, ADJUDGED AND DECREED, that the defendant Nardy Pontiac is not afforded coverage under the primary and excess insurance policies issued by the third-party defendants Compass, National and Bellefonte, in connection with the automobile accident which occurred on July 21, 1979; and it is further

"ORDERED, ADJUDGED AND DECREED, that the defendant Nardy Pontiac is afforded coverage under the insurance policy issued by the plaintiff USAA to the extent of the policy limits and in accordance with the provisions of said policy, in connection with the automobile accident which occurred on July 21, 1979".

As so modified, judgment affirmed insofar as appealed from.

Appeal from order entered April 6, 1983 dismissed as improperly perfected (see *Cooper v Bosse,* 85 AD2d 616).

Compass, National and Bellefonte are awarded one bill of costs payable by USAA and Nardy Pontiac.

Special Term correctly found that, at the time of the accident, Kang was driving the subject vehicle while De Nigris continued to be the lessee, and the USAA policy was then still in full force and effect. However, Special Term erroneously concluded that Nardy Pontiac's primary and excess liability garage policies also afforded coverage to De Nigris, Kang and Nardy Pontiac. Those policies, by their express terms, excluded leased vehicles from coverage.

We have reviewed the respective parties' other contentions and find them to be without merit. Thompson, J. P., Bracken, Boyers and Lawrence, JJ., concur.