OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 The facts are set forth in the Appellate Division opinion. We would add two observations. First, there is no evidence that the defendant had any knowledge that the New York broker was in any way involved in the transaction. Second, New Jersey has a paramount interest in its Statute of Frauds defense not being evaded to establish the liability of a New Jersey landowner in an action brought by a New Jersey resident in another State which does not offer such a defense. New York has little, if any, interest to serve here by preferring its lack of a Statute of Frauds defense
 
 (cf. Intercontinental Planning v Daystrom, Inc.,
 
 24 NY2d 372).
 

 Granting, as urged by the plaintiffs, that separate documents may be read together to constitute the written brokerage agreement required by New Jersey law to be signed by the landowner, we find no document signed by the defendant that either alone constitutes such an agreement or by reference to other writings could constitute such an agreement. The plaintiffs argue that the letter of March 4,1980, signed by the defendant and sent to 28 brokers, establishes the sender’s intention to enter into a brokerage agreement with the New Jersey plaintiff. The intention may have been present, but the plaintiff declined to meet the letter’s offer and there is no signature by the defendant meeting any counteroffer.
 

 Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Lynch
 
 *
 
 concur; Judge Alexander taking no part.
 

 Order affirmed, with costs, in a memorandum.
 

 *
 

 Designated pursuant to NY Constitution, article VI, § 2.