■ 130-164 RAVINE AVENUE INC., Respondent, v RAVINE ASSOCIATES, Appellant.—In an action to recover a down payment for the purchase of real property, the defendant appeals from an order and judgment of the Supreme Court, Westchester County (Donovan, J.), dated September 21, 1987, which, *inter alia,* upon an order of the same court dated July 28, 1987, denying its motion for summary judgment dismissing the complaint and granting the cross motion of the plaintiff for summary judgment, is in favor of the plaintiff and against it in the principal sum of $300,000.

Ordered that the judgment is reversed, on the law, with costs, the provision of the order of the same court dated July 28, 1987, granting the plaintiff's cross motion is reversed, and the cross motion is denied.

The parties entered into a contract of sale for several apartment buildings consisting of approximately a total of 123 rental units which the purchaser intended to convert to cooperative ownership. The total purchase price was $3,950,000 and the purchaser made a down payment of $300,000. The seller warranted and represented "[t]hat there are no leases, tenancies or occupancies of any apartments or other space in the Premises except those listed" in an annexed rent schedule. The contract additionally provided that the purchaser would be relieved of its obligation to purchase the premises if the foregoing representation was found to be materially inaccurate as of the date of closing. The contract set forth three tests of materiality (1) that the failure of representation "materially and adversely affects the Premises, or the use, occupation or maintenance thereof", (2) that the "purchaser's decision to purchase the Premises would have been materially and adversely affected", and (3) that the failure of representation injured the purchaser in the amount of $50,000 or more.

The purchaser's independent investigation indicated that there were at least 30 occupants at the premises who were not listed as tenants on the schedule provided by the seller. On the scheduled closing date, an attorney appeared on behalf of

the purchaser and apprised the seller that pursuant to the contract his client elected not to proceed with the purchase due to the seller's breach of the representation regarding the accuracy of the rent schedule. Thereafter, the seller determined that the rent schedule, listing 253 persons occupying approximately 123 apartments, failed to include only about 17 individuals who were sharing apartments with listed tenants.

It is beyond cavil that the rights of the seller may be forfeited pursuant to a provision in the contract to the effect that the contract may be terminated by the purchaser if certain specified conditions are not met by the seller (see, Abrams v Thompson, 251 NY 79; Leme Realty Corp. v Kings Mercantile Co., 19 AD2d 844). Nonetheless, we find that a question of fact remains as to whether the inaccuracy constituted a material misrepresentation, giving rise to the right of rescission by the purchaser.

The seller demonstrated that there are sharply divergent allegations concerning the materiality of the representation and a dearth of proof with respect to it, requiring a trial (CPLR 3212 [b]). According to the seller, it failed to list only about 17 individuals on the rent roll which listed 253 tenants. In addition, the unlisted individuals are allegedly all lawful occupants sharing apartments with the named tenants. The purchaser merely alleges that regardless of the number and status of the unlisted occupants, their presence raises the specter of litigation in converting the apartments to cooperative ownership. It cannot be said that the purchaser's conclusory allegation sufficiently established the materiality of the alleged misrepresentation to warrant the court as a matter of law in directing judgment in its favor (CPLR 3212 [b]).

The trier of fact, in assessing the materiality of the alleged misrepresentation, should apply the tests of materiality set forth in the contract executed by the parties. If the seller's misrepresentation is determined to constitute a material breach of the contract, the purchaser's performance under the contract is excused and it has the right to recover its down payment along with the reasonable cost of a title search (see, e.g., Grace v Nappa, 46 NY2d 560, 566-567, rearg denied 47 NY2d 952; Leme Realty Corp. v Kings Mercantile Co., supra). The mere fact that the purchaser herein did not first tender its own performance before holding the seller in default is immaterial and does not preclude recovery of the down payment since the law does not require empty ceremony (see, e.g., Iannelli Bros. v Muscarella, 24 NY2d 779). This result is mandated by the provisions which the parties included in the

contract specifically setting forth the conditions under which it may be rescinded.

If, as the seller suggests, the alleged misrepresentation upon which the purchaser elected to rescind the contract is immaterial, then recovery of the down payment is precluded. Under those facts, the purchaser would be the defaulting party, and the rule barring a defaulting purchaser from reclaiming his down payment would apply (see, Leading Bldg. Corp. v Segrete, 60 AD2d 907, appeal dismissed 44 NY2d 901). Kunzeman, J. P., Rubin, Eiber and Sullivan, JJ., concur.