**Stanley M. GROSSMAN and Nancy Grossman, Plaintiffs,**

v.

**MELINDA LOWELL, ATTORNEY AT LAW, P.A., and Melinda Lowell, individually, Defendants.**

**No. 87 Civ. 2306 (CMM).**

United States District Court, S.D. New York.

Jan. 6, 1989.

tiff asserted no salary claim before the NYSDHR/EEOC; nor is a specific salary claim

David Jaroslawicz, New York City, for plaintiffs.

Craig W. Miller, James & Addas, Jersey City, N.J., Wendy, Adler & Klein, New York City, for defendants.

METZNER, Senior District Judge:

Plaintiffs instituted this action to collect damages for the alleged breach by defendants of a contract of sale of real property.

asserted in the amended complaint.

Plaintiffs are husband and wife who owned what appears to be a summer house in Amagansett, New York. They put the property up for sale in August 1986. Defendant Melinda Lowell is an attorney at law who conducts her practice as a professional corporation or association (P.A.) in New Jersey and New York. She is sued in both her individual and corporate capacity.

Lowell and her husband leased a home in the Amagansett area for the month of August 1986, and while there, looked for a house to purchase.

The contract of sale at issue in this case indicates that "Melinda Lowell, attorney at law, P.A." is the purchaser. However, it is perfectly obvious that this was the purchase of a summer home in a beach community for the personal use of Ms. Lowell and her husband, who lived in New Jersey. In fact, in her mortgage application to Southold Savings Bank, Ms. Lowell indicated that she intended to use the home as her primary residence.

Under New Jersey's corporation laws, "No professional corporation shall engage in any business other than the rendering of the professional services for which it was specifically incorporated; provided, that nothing in this act shall be interpreted to prohibit such corporation from investing its funds in real estate ... necessary for, or appropriate or desirable in, the fulfillment of its professional services." N.J. Stat.Ann. § 14A:17–9 (West Supp.1988). It is clear that Ms. Lowell could not purchase the property in the name of her professional association under New Jersey law.

In this diversity action we look to New York law to determine the law that governs this transaction. It is clear that New York law applies since the property that is the subject of the contract is located in New York. *Andover Realty, Inc. v. Western Electric Co.*, 100 A.D.2d 157, 473 N.Y. S.2d 393 (1st Dept.1984), *aff'd*, 64 N.Y.2d 1006, 489 N.Y.S.2d 52, 478 N.E.2d 193 (1985).

Under New York law, in the words of Judge Fuld, where "the corporation is a 'dummy' for its individual stockholders who are in reality carrying on the business in their personal capacities for purely personal rather than corporate ends," a court may pierce the corporate veil and the stockholders may be held personally liable for corporate debts. *Walkovszky v. Carlton*, 18 N.Y.2d 414, 223 N.E.2d 6, 8, 276 N.Y.S.2d 585, 588 (1966). Melinda Lowell is personally liable for any damages in this case.

On September 19, 1986, plaintiffs forwarded to Lowell an executed contract which she returned on September 24, 1986. This contract provided for Lowell to use her "best efforts" to obtain a mortgage within 60 days. If, despite using her best efforts, a mortgage was not obtainable within that time, she had the option of requesting an additional 30 days within which to obtain the necessary financing.

Lowell called three banks in the area in an attempt to obtain a mortgage, but was refused on the ground that loans would not be made to a professional association. Stanley Grossman suggested that she try the Southold Savings Bank which was furnishing the mortgage financing for the new home that Grossman was building in the area at the time.

Lowell spoke to Mr. Lease of Southold and obtained application forms from him. She filled out the forms and returned them to the bank. The application was rejected by letter dated September 25, 1986, which stated that the bank "found the condition of the property to be unsatisfactory."

On September 26 Lowell telephoned Stanley Grossman, told him of the rejection, and said she was cancelling the contract pursuant to paragraphs 30 and 31. She also requested return of the $11,400 deposit. Grossman told her that there were several other banks that she should contact in an attempt to obtain a mortgage. Lowell had no desire to make further efforts and succeeded in stopping payment on the check that was given as a deposit. This attitude is understandable in light of the reason given by the bank for the rejection, although, on the other hand, the contract provided for the purchase of the premises "as is."

284

The question for this court to determine is whether, on September 26, 1986, Lowell had used her best efforts to obtain a mortgage, and was therefore justified in cancelling the contract.

 In every contract there exists an implied covenant of good faith and fair dealing. *Kirke La Shelle Co. v. Paul Armstrong Co.*, 263 N.Y. 79, 87, 188 N.E. 163 (1933); Restatement (Second) of Contracts § 205 (1981). In addition, the "best efforts" language in this contract imposes an additional obligation on Lowell to make more than a good faith effort to obtain a mortgage. *Van Valkenburgh, N & N, Inc. v. Hayden Publishing Co.*, 30 N.Y.2d 34, 281 N.E.2d 142, 144, 330 N.Y.S.2d 329, 333, *cert. denied*, 409 U.S. 875, 93 S.Ct. 125, 34 L.Ed.2d 128 (1972); *Bloor v. Falstaff Brewing Corp.*, 601 F.2d 609, 615 (2d Cir.1979).

Lowell failed to use her best efforts to obtain a mortgage in this case. Three telephone calls and the submission of one application, which is denied several days following the signing of the contract, does not constitute "best efforts," when at least 50 days still remained to obtain a mortgage, and there were many other avenues that were easily explorable, such as mortgage brokers and banks situated within a reasonable distance from the property.

In a case where there was no "best efforts" provision, a New York court has held that the purchaser breached a "subject to mortgage" clause in a real estate contract by only making mortgage applications to two different banks which were denied, and then refusing to accept a commitment letter from a third bank recommended by the seller. *Ng v. Simons*, 114 A.D.2d 1019, 495 N.Y.S.2d 456, 458 (2d Dept.1985).

Lowell's reliance on *D'Ambrogio v. Morgenstern*, 135 Misc.2d 643, 516 N.Y.S.2d 447 (Sup.Ct.1987), to support her claim that one mortgage application satisfied her obligations is inapposite. The contract in *D'Ambrogio* did not contain a "best efforts" provision.

Plaintiffs are entitled to actual damages for Lowell's breach which, in New York, is measured by the difference between the contract price and the price at which the property was sold by the plaintiffs. *Cohen v. Krantz*, 15 A.D.2d 938, 226 N.Y.S.2d 509, 511 (2d Dept.), *aff'd*, 12 N.Y. 2d 665, 185 N.E.2d 899, 233 N.Y.S.2d 458 (1962); *Tator v. Salem*, 81 A.D.2d 727, 439 N.Y.S.2d 497 (3d Dept.1981); *see also Colonial Diversified, Inc. v. Assured Holding Corp.*, 71 A.D.2d 1011, 420 N.Y.S.2d 419, 420 (2d Dept.1979).

The contract price in this case was $228,-000. Plaintiffs were able to sell their property in December 1986 for $205,000.

Judgment shall be entered in favor of plaintiffs against defendant Melinda Lowell, individually, in the amount of $23,000.

So ordered.