■ EAST LINCOLN REALTY CENTER, Doing Business as CENTURY 21 EAST LINCOLN REALTY CENTER, Respondent, v CLYDE ISLEY et al., Appellants.—In an action to recover on a promissory note, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Ruskin, J.), entered September 11, 1989, as granted

the plaintiff's motion for summary judgment in lieu of complaint, and directing entry of a judgment in its favor in the principal sum of $105,000, together with interest at the rate of 10.5% from June 1, 1989.

Ordered that the order is affirmed, with costs.

The court properly awarded summary judgment to the plaintiff on the defendants' promissory note. Contrary to the defendants' contention, the fact that the President of the plaintiff corporation served the summons and notice of motion for summary judgment in lieu of complaint upon the defendants, does not vitiate that service *(see, Grid Realty Corp. v Gialousakis,* 129 AD2d 768). In addition, the defendants failed to adduce sufficient proof in admissible form *(see, Zuckerman v City of New York,* 49 NY2d 557) in opposition to the plaintiff's motion, to warrant its denial.

It is uncontroverted that the defendants executed a promissory note to secure their indebtedness of $105,000 resulting from their purchase of the plaintiff's business. In lieu of a downpayment the defendants were obligated to pay $20,000 on June 1, 1989, "time being of the essence". Because time was expressly rendered of the essence, the defendants were obligated to strictly comply with the terms of the note *(see, Grace v Nappa,* 46 NY2d 560; *Jones Realty Corp. v Frick,* 144 AD2d 451; 17A CJS, Contracts, § 504 [1] [c]). Pursuant to the terms of the note's acceleration clause *(see, Libeson v Copy Realty Corp.,* 167 AD2d 376), the plaintiff was entitled to declare the defendants in default upon their non-payment. Furthermore, notwithstanding the defendants' present contention, which is improperly raised for the first time on appeal *(see, Kohilakis v Town of Smithtown,* 167 AD2d 513; *Gunzberg v Gunzberg,* 152 AD2d 537; *Schoonmaker v State of New York,* 94 AD2d 741), that the parties had orally amended their agreement, the record reveals that even pursuant to the alleged terms of this modified agreement the defendants would still be in default due to their failure to make the payments allegedly required thereby. Accordingly, there is no basis in the record to disturb the award of summary judgment to the plaintiff. Thompson, J. P., Kunzeman, Lawrence and Miller, JJ., concur.