■ 41-41 51ST STREET REALTY ASSOCIATES, Appellant, v TURA ASSOCIATES, Respondent. [616 NYS2d 73] —In related actions, *inter alia,* to recover damages for breach of a real estate contract, the plaintiff 41-41 51st Street Realty Associates appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Nahman, J.), entered March 4, 1991, as, after a hearing before a Judicial Hearing Officer, and upon the granting of a motion to confirm the determination of the Judicial Hearing Officer, dismissed its complaint, canceled a notice of pendency, and is in favor of the defendant Tura Associates and against it in the principal sum of $50,000 as liquidated damages.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, the notice of pendency is reinstated, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for the entry of an interlocutory judgment on the issue of liability in favor of the plaintiff 41-41 51st Street Realty Associates and against Tura Associates, and for a new trial on the issue of the relief to which the plaintiff is entitled.

The parties to this appeal entered into a contract whereby the defendant agreed to sell and the plaintiff agreed to purchase an apartment building. Pursuant to the contract, the purchasers deposited with the sellers a down payment of $50,000 to be held in escrow. In addition, two promissory notes were signed by the purchasers at the time of contract execution requiring payment of $100,000 on December 5, 1986, and $150,000 on December 15, 1986, "or date of closing". The contract contained a liquidated damages clause which allowed the sellers to retain the down payment in the event the purchasers failed to perform any of the terms of the contract. The purchasers did not pay the $100,000 promissory note due on December 5, 1986, and on that basis the sellers retained the $50,000 contract deposit as liquidated damages, and failed to close title to the property.

Contrary to the sellers' contention, the purchasers' nonpayment of the $100,000 promissory note due on December 5, 1986, did not constitute a breach of the contract of sale, and

the sellers were not entitled to retain the $50,000 deposit as liquidated damages. We conclude that the terms of the contract of sale were clear and unambiguous and, as such, the promissory notes were extrinsic to the contract *(see, Chimart Assocs. v Paul,* 66 NY2d 570, 572-573, citing *Teitelbaum Holdings v Gold,* 48 NY2d 51, 56; *Posh Pillows v Hawes,* 138 AD2d 472, 473). Significantly, there was no reference to the notes in the contract of sale, and there was no reference to the contract of sale in the notes. In addition, the contract of sale contained two merger clauses establishing that it expressed the full agreement of the parties, and that there were no oral understandings between them. Under these circumstances, the promissory notes may not be considered in determining the rights and obligations of the parties under the contract of sale *(see, Judnick Realty Corp. v 32 W. 32nd St. Corp.,* 61 NY2d 819; *Rose v Green,* 145 AD2d 618, 621-622; *Potsdam Cent. Schools v Honeywell, Inc.,* 120 AD2d 798; *Sutton v Santora,* 87 AD2d 796, 797).

Even if we were to consider the promissory notes as part of the contract of sale, failure to timely pay the December 5, 1986, promissory note was not a material breach of the contract of sale, as time was not rendered of the essence with respect to payment of the notes *(see, East Lincoln Realty Ctr. v Isley,* 170 AD2d 574; *Community Natl. Bank & Trust Co. v Joseph,* 122 AD2d 15; *see generally, Grace v Nappa,* 46 NY2d 560; *Jones Realty Corp. v Frick,* 144 AD2d 451).

Since the sellers failed to close title, the purchasers may be entitled to specific performance, and the matter is remitted to the Supreme Court, Queens County, for a trial on the issue of the relief to which the plaintiff is entitled. Miller, J. P., O'Brien, Ritter and Krausman, JJ., concur.