OLD ORCHARD DEVELOPMENT, LLC, Respondent, v THE MARRANO/MARC EQUITY CORPORATION, Appellant. [846 NYS2d 529]——

Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered May 24, 2007 in an action for breach of contract. The order granted the motion of plaintiff for partial summary judgment on the specific performance causes of action and for dismissal of the counterclaims.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff entered into a contract pursuant to which it agreed to sell to defendant 14 lots in a subdivision in the Town of Pendleton (Town). The contract required defendant to close on the purchase of two lots "within 30 days after dedication of completed improvements and availability of building permits from the Town" (completion date). The completion date was to occur by October 15, 2005. Defendant was then required to close on the purchase of two additional lots within three months following the completion date, five additional lots within six months following the completion date, and the remaining five lots within one year following the completion date. The completion date did not occur until February 2006, however, when the roads in the subdivision were completed and dedicated to the Town. Building permits were available to defendant at that time, and defendant thereafter closed on the purchase of the first two lots in March 2006, followed by closings on the purchase of two additional lots in May 2006 and five additional lots in August 2006. By letter dated January 23, 2007, defendant's attorney notified plaintiff's attorney that defendant refused to purchase the five remaining lots, and plaintiff commenced this action seeking, inter alia, specific performance of the contract.

Supreme Court properly granted those parts of plaintiff's motion for partial summary judgment on the specific performance causes of action. Defendant alleged in its answer that stockpiles

of topsoil on the five remaining lots would have prevented it from obtaining a building permit for those lots and thus that it was entitled to cancel the contract with respect to those lots. In support of its motion, however, plaintiff submitted evidence establishing that it intended to remove the topsoil prior to the closing on the five remaining lots but decided not to do so after it received the January 23, 2007 letter from defendant's attorney. We agree with plaintiff that the letter from defendant's attorney constituted an anticipatory breach of the contract that relieved plaintiff of its obligation to remove the topsoil (*see Sutton v Santora*, 87 AD2d 796 [1982]; *see also Madison Invs. v Cohoes Assoc.*, 176 AD2d 1021, 1021-1022 [1991], *lv dismissed* 79 NY2d 1040 [1992]). We thus conclude that plaintiff established "that it was ready, willing and able to perform under the contract at some point prior to the commencement of this action" (*Madison Invs.*, 176 AD2d at 1022), and defendant failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Hurlbutt, J.P., Centra, Lunn, Fahey and Pine, JJ.