■ ANNETTE RIVERA, Respondent, v KENT KONKOL et al., Defendants, and CARYN B. ADELMAN, Appellant. [851 NYS2d 537]—

Order, Supreme Court, Bronx County (Dianne T. Renwick, J.), entered April 5, 2007, which granted plaintiff's motion for summary judgment and denied the cross motion on behalf of defendants Konkol and Adelman for summary judgment, unanimously reversed, on the law, with costs, the motion denied, the cross motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

The record evidence supports summary judgment in favor of defendants, rather than plaintiff. The well-settled rule of law in New York is that a purchaser who, without breach on the part of the seller, defaults on a real estate contract without lawful excuse cannot recover her down payment (*Lawrence v Miller*, 86 NY 131 [1881]; *Maxton Bldrs. v Lo Galbo*, 68 NY2d 373 [1986]; *Uzan v 845 UN Ltd. Partnership*, 10 AD3d 230 [2004]). Plaintiff, after entering into a contract of sale and making a down payment in September 2006, was unable to produce the balance of the purchase price at the closing. Although she correctly argues that a letter sent by defendant Konkol's counsel to her counsel purporting to render time of the essence was deficient, since there was no clear and unequivocal warning that failure to close on or before October 18, 2006 would be considered a default (*see Zev v Merman*, 134 AD2d 555 [1987], *affd* 73 NY2d 781 [1988]), that is not the dispositive issue here. The only reason the October 16, 2006 closing was not concluded (all transfer documents having been executed except the deed) was plaintiff's default in delivering the balance of the purchase price, due to the alleged embezzlement of funds by one of her attorneys and to her own failure to fulfill her contractual obligation to apply for a mortgage loan (*see Sutton v Santora*, 87 AD2d 796 [1982]), neither of which constitutes a lawful excuse. Given these circumstances and the terms of the purchaser default provision of the parties' contract of sale, the sellers are entitled to retain the down payment as liquidated damages. Concur—Andrias, J.P., Nardelli, Williams, Catterson and Moskowitz, JJ. [*See* 15 Misc 3d 1122(A), 2007 NY Slip Op 50797(U).]