134 Lexington, LLC v Bhawani Maa, LLC (2025 NY Slip Op 06125)

134 Lexington, LLC v Bhawani Maa, LLC

2025 NY Slip Op 06125

Decided on November 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 06, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Pitt-Burke, Rosado, Chan, JJ. 

Index No. 151567/23|Appeal No. 5134|Case No. 2023-06499|

[*1]134 Lexington, LLC, Plaintiff-Respondent,
v
Bhawani Maa, LLC, Defendant-Appellant.

Bhatta Law & Associates, New York (Ilya Laksin of counsel), for appellant.
Law Offices of Morris Tuchman, Kew Gardens (Morris Tuchman of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about November 15, 2023, which denied defendant's motion for leave to renew its opposition to plaintiff's motion for summary judgment but granted the motion for leave to reargue and, upon reargument, adhered to its prior decision, unanimously affirmed, without costs.
As an initial matter, the appeal is not moot as this Court may adjudicate the merits of an order granting a party summary judgment directing the release of a contract deposit (see e.g. Buonocore v Dubois, 16 AD3d 359 [1st Dept 2005], lv denied 5 NY3d 706 [2005]).
The court properly adhered to its determination declaring plaintiff was entitled to the downpayment following the parties' failed purchase and sale of a building (see CPLR 2221[d][2]). The court did not overlook the letter from the mortgage lender, which allegedly showed that plaintiff had notice of the uncertainty surrounding defendant's loan application. Under the mortgage contingency clause of the parties' contract, defendant was entitled to cancel the contract and the return of its downpayment if it notified the seller's attorney by certified mail no later than 65 days after receiving the fully executed contract. It is undisputed that defendant failed to timely exercise this contractual option, nor did the parties agree by signed writing, as required by the contract for the waiver of any contractual right, to extend the 65-day deadline. Accordingly, plaintiff was entitled to retain the downpayment upon defendant's default under the contract (see Rivera v Konkol, 48 AD3d 347, 348 [1st Dept 2008]; see also Maxton Bldrs. v Lo Galbo, 68 NY2d 373, 378 [1986]; Mardon v Simon, 78 AD2d 805, 806 [1st Dept 1980], appeal dismissed 53 NY2d 940 [1981]).
The court providently denied renewal, as defendant admitted that the documents it sought to introduce were previously available and failed to explain why they were not submitted in opposition to plaintiff's motion for summary judgment (see CPLR 2221[e][3]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 6, 2025