TAGUE HOLDING CORPORATION, Appellant, *v.* SIDNEY HARRIS, Respondent.

(Argued February 19, 1929; decided March 19, 1929.)

*David Bernstein, Frederick Weiss* and *Jerome Weiss* for appellant. The difference between contract price and market value at the time of the breach is not the exclusive measure of damages recoverable. (*Lawrence* v. *Miller,* 86 N. Y. 131; *Higgins* v. *Eagleton,* 155 N. Y. 466; *Zicher* v. *Smith,* 148 N. Y. 558; *Levy* v. *Hill,* 70 App. Div. 95; 174 N. Y. 536; *Griffin* v. *Colver,* 16 N. Y. 489; *Witherbee* v. *Meyer,* 155 N. Y. 446; *Mortimer* v. *Otto,* 206 N. Y. 89; *Foglino* v. *Webster,* 217 App. Div. 300; *Nemrow* v. *Assembly C. & S. Co.,* 121 App. Div. 481; *Hogan* v. *Kyle,* 7 Wash. 595; *Booth* v. *Milliken,* 127 App. Div. 522; 194 N. Y. 533; *Volga Realty Co.* v. *Holt,* 104 Misc. Rep. 581.)

*Charles Lincoln Sylvester* for respondent. Plaintiff corporation never had title to the property it agreed to convey. As it was thus never ready, willing and able to perform its obligations under the contract, the complaint should be dismissed. (*Strasbourger* v. *Leerburger,* 223 N. Y. 55; *Eddy* v. *Davis,* 116 N. Y. 247; *Bernstein* v. *Jacobson,* 129 Misc. Rep. 401; *Ewing* v. *Wightman,* 167 N. Y. 107; *Reilly* v. *Steinhart,* 174 App. Div. 265; 220 N. Y. 692; *Brown* v. *Lee,* 192 Fed. Rep. 817; *Grey* v. *Smith,* 76 Fed. Rep. 525; *McGehee* v. *Hill,* 4 Port. [Ala.] 170; *Wells Fargo* v. *Page,* 82 Pac. Rep. 856; *Grandy* v. *McCleese,* 47 N. C. 142; *Mix* v. *Beach,* 46 Ill. 311; *Peck* v. *Brighton Co.,* 69 Ill. 200; *Platte Land Co.* v. *Hubbard,* 12 Colo. App. 465.)

KELLOGG, J On August 1st, 1925, the plaintiff and Daniel R. McDonald entered into a written contract

whereby McDonald agreed to sell to the plaintiff, for the sum of $45,000, a certain parcel of land at Rockaway Beach. The plaintiff was to make payments as follows: On the signing of the contract, $2,000 in cash; on the delivery of the deed, $18,000 in cash and $25,000 in the form of a bond secured by a mortgage upon the parcel sold. The plaintiff immediately paid to McDonald the item of $2,000 cash.

On August 2d, 1925, the plaintiff and defendant entered into a written contract, whereby the defendant agreed to buy from the plaintiff, for the sum of $50,500, the parcel of land contracted to be sold to it by McDonald. The defendant was to make payments as follows: On the signing of the contract, $5,050 in cash; on the delivery of the deed, $20,450 in cash and $25,000 in the form of a bond secured by a mortgage on the parcel purchased. The defendant immediately paid to the plaintiff the item of $5,050 cash.

The contract stated in express terms that the plaintiff did not own the title to the parcel; that it had merely contracted for its purchase. It also provided that the $25,000 bond and mortgage, to be furnished, should be executed and delivered by the defendant to the plaintiff's seller, McDonald. Before executing the contract, the defendant was made aware of the precise terms of the McDonald contract.

In each contract, the time named for the delivery of the deed was November 10th, 1925, and the place fixed was the office of Benjamin Kohn at Rockaway Beach. By agreement of all three parties, closing was postponed, first to November 24th at the same place, and then to December 4th. On the latter date an executive officer of the plaintiff attended at the hour and place agreed upon. He had with him, fully made out, a deed purporting to convey the parcel from the plaintiff to the defendant. Also, he had with him the corporate seal. He had been authorized to execute the instrument and

to affix the corporate seal. McDonald was likewise present. He had with him a deed, which he had executed, purporting to convey the parcel to an unnamed grantee. He offered to fill in the blank space left for the name of the grantee with the name of the plaintiff or defendant, as the plaintiff might desire. He was ready, willing and able to convey the parcel. The defendant was absent from the meeting which he had agreed to attend. When called upon the telephone, he responded that he did not intend to appear and would not take title.

The defendant's default was deliberate and inexcusable. He was aware, when he signed the contract, that the plaintiff had contracted to buy for $45,000, of which sum $2,000 had already been paid, the very parcel which the defendant was then contracting to purchase for $50,500; that, if he defaulted, the plaintiff stood to lose the difference between $50,500 and $43,000, or $7,500, less $5,050 presently paid by the defendant, or $2,450. Thus, the gains prevented, which must have been within the contemplation of the parties, were measurable with absolute certainty. Consequently, they formed a proper basis of recovery. (*Griffin* v. *Colver*, 16 N. Y. 489; *Witherbee* v. *Meyer*, 155 N. Y. 446.) Therefore, the trial judge was correct in directing judgment in favor of the plaintiff for the sum of $2,450.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.