■ MARTIN LEVINE, Appellant, v ALLEN TRATTNER et al., Respondents.—In an action to recover a down payment under a canceled contract for the sale of real property, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Becker, J.), dated January 24, 1986, which, upon granting the defendants' motion for summary judgment, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The parties entered into a contract for the sale of the subject premises on July 26, 1979. The plaintiff, as buyer, delivered to the defendants, as sellers, a check in the amount of $7,350, representing the down payment, upon the execution of the agreement. The agreement provided that the plaintiff was to obtain a firm mortgage commitment within 30 days of the execution of the agreement. Either party was entitled to cancel the contract upon the failure of this condition, and, in the event of such an election, the plaintiff was entitled to

recover the down payment. The plaintiff, however, was required to make a "diligent application" to secure the commitment. The agreement also included a provision that the contract might not be changed or canceled except in writing and provided for a closing date of "not later than Nov. 1, 1979".

The plaintiff did not apply for a mortgage until October 1979. When his application was denied in November 1979 he advised the defendants that he was exercising his right to cancel the contract and requested a return of the down payment. The defendants refused to return the down payment on the ground that the plaintiff had breached the contract by failing to make a diligent application to obtain the mortgage within the requisite time.

The plaintiff subsequently commenced this action to recover the down payment. The Supreme Court, Nassau County, granted the defendants' motion for summary judgment dismissing the complaint. This appeal followed.

The plaintiff concedes that he did not apply for the mortgage commitment within the requisite 30-day period. Moreover, he did not demonstrate the existence of an enforceable oral modification of the agreement permitting him an extension of the time within which to apply for the mortgage *(see,* General Obligations Law § 15-301; *cf., Rose v Spa Realty Assocs.,* 42 NY2d 338). By failing to make application for the mortgage commitment for a period of 2½ months after the execution of the contract, we conclude that the plaintiff breached the contract, as a matter of law, and that he is, therefore, not entitled to recover the down payment despite the fact that the defendants resold the premises for a sum equal to the contract price *(see, Maxton Bldrs. v Lo Galbo,* 68 NY2d 373; *Lawrence v Miller,* 86 NY 131; *Silverstein v United Cerebral Palsy Assn.,* 17 AD2d 160, 164-165). Weinstein, J. P., Spatt, Sullivan and Harwood, JJ., concur.