■ LOUIS GASPARINO et al., Respondents, v PATRICIA RIGATTI, Formerly Known as PATRICIA E. NOBERINI, et al., Appellants. —In an action to recover a down payment under a contract for the sale of real property, the defendants appeal from so much of an order of the Supreme Court, Richmond County (Amann, J.), dated July 27, 1988, as denied their motion for summary judgment dismissing the complaint without prejudice to renewal after discovery has been completed.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendants' motion for summary judgment is granted, and the complaint is dismissed.

On November 16, 1987, the plaintiffs Louis and Linda Gasparino entered into a contract to purchase certain premises from the defendant Patricia Rigatti. Upon the execution of the contract, the plaintiffs delivered to the defendant seller a check in the amount of $24,650 constituting the down payment which was held in escrow by the defendant Neil McBrien. The contract required that the plaintiffs were "to make [an] immediate and good faith" application for a mortgage commitment of "at least" $100,000, and further provided that, "[i]n the event that a written commitment for such a mortgage loan is not obtained within 45 days from the date hereof, then, upon written notice from either party to the other, this contract will be void and the downpayment will be refunded". Paragraph 17 of the rider states that "the main contract and the Rider attached thereto constitutes the entire contract between the parties hereto and may not be modified except by agreement in writing signed by the parties hereto". Similarly, paragraph 23 of the main contract reiterates that, "[t]his contract may not be changed or cancelled except in writing".

Although the plaintiffs were required to make an "immediate" and "good faith" application for a mortgage commitment, the record reveals that the plaintiffs first attempted to apply for a commitment in late January 1988, approximately one month after the expiration of the 45-day period as provided for in the contract. By letter dated February 25, 1988, the plaintiffs notified the defendant seller that their application for a $150,000 mortgage had been rejected, and that, in light of the rejection, they were canceling the contract and invoking their right to a return of the down payment. The defendant seller, by letters dated March 1, 4, and 24, 1988, rejected the plaintiffs' attempt to cancel the contract and set a closing date of April 4, 1988, with time of the essence. The plaintiffs did not appear at the closing and the defendant seller subsequently informed them that she was retaining their down payment as liquidated damages for their breach of the contract.

Thereafter, the plaintiffs commenced the instant action seeking recovery of their down payment. According to the plaintiffs, on or about December 7, 1987, the defendant seller contacted the plaintiffs and advised that, because of certain delays associated with the purchase of her own new home, she

would not be ready to close until August or September of 1988. The plaintiffs contend that the parties orally agreed to postpone the closing until the summer of 1988. The plaintiffs further alleged that in a conversation which took place the day after the parties agreed to postpone the closing, the plaintiff Linda Gasparino "discussed the fact that [she] would postpone applying for [a] mortgage" commitment since the commitment would expire prior to the proposed summer closing. The plaintiffs contend that the defendant seller "counseled" them that it was not necessary to drastically reduce the price on their home since there was sufficient time for them to attempt to market the property. Notably, there is no written expression of the parties' alleged agreement with regard to the oral modification postponing the closing.

By notice of motion dated June 6, 1988, the defendants moved for summary judgment dismissing the complaint, alleging that the plaintiffs breached the contract by failing to comply with the provision obligating them to immediately and in good faith apply for a mortgage. The defendants further argued that any alleged oral modification was not only barred by the contract merger clause, but also by General Obligations Law § 15-301, inasmuch as there was neither partial performance unequivocally referrable to the alleged oral modification nor proof of conduct constituting a basis for an equitable estoppel. The Supreme Court denied the motion for summary judgment, reasoning that the plaintiffs should be afforded a further opportunity to "verify" their claim of oral modification through additional discovery. We reverse.

There is no dispute that the plaintiffs failed to immediately and in good faith apply for a mortgage commitment. Indeed, the record provides no evidence that the plaintiffs made any attempt whatsoever to obtain a mortgage commitment in the three weeks which elapsed between the execution of the contract and the alleged oral agreement to put off the closing until the summer of 1988. Nor do we discern in the record circumstances giving rise to an equitable estoppel with regard to the alleged oral representations made by the defendant seller. In discussing the doctrine of equitable estoppel within the context of a real estate dispute, the Court of Appeals wrote: "Comparable to the requirement that partial performance be unequivocally referable to the oral modification, so, too, conduct relied upon to establish estoppel must not otherwise be compatible with the agreement as written" (*Rose v Spa Realty Assocs.*, 42 NY2d 338, 344; *see also, Levine v Trattner*, 130 AD2d 462).

In support of their claim of entitlement to an equitable estoppel, the plaintiffs point, *inter alia,* to (1) the alleged oral representation by the defendant seller, (2) the existence of a binder stating that the contract would be subject to the sale of the plaintiffs' home or their obtaining of a "bridge" loan, and (3) a letter, dated subsequent to the alleged default, in which the plaintiffs' broker repeats the plaintiffs' assertions with regard to the oral agreement and recounts that the plaintiffs reduced the sale price of their home and were seeking a "bridge" loan during the time in question. We find that none of the foregoing assertions creates issues of fact precluding the granting of summary judgment to the defendants.

Significantly, although the plaintiffs now rely on the existence of an estoppel, the correspondence exchanged by the parties at the time in question reveals that the plaintiffs never invoked the defendant seller's alleged oral modification in response to her repeated written attempts to set an April 1988 closing date. Rather, insofar as the record reveals, the plaintiffs relied exclusively upon the provision of the contract permitting them to cancel in the event that they could not, after good-faith efforts, secure a mortgage commitment. Further, although the parties could have so stipulated, the contract ultimately executed by the parties differed from the binder in that it made no reference to a condition premised upon the sale of the plaintiffs' home, thereby buttressing the defendants' assertions that no such condition was intended. In any event, it was the plaintiffs' contention before the Supreme Court that the defendant seller's alleged oral representation was the cause of their delay in seeking a mortgage commitment, not that they relied upon an unwritten provision conditioning the contract on the sale of their home. Moreover, the mere fact that the plaintiffs' broker recounted that the plaintiffs were attempting to secure a bridge loan cannot be described as conduct "not otherwise * * * compatible with the [contract] as written" *(Rose v Spa Realty Assocs., supra,* at 344).

Finally, the existence of the broker's letter dated subsequent to the inception of the parties' dispute, which merely repeats the plaintiffs' assertion of an oral agreement to postpone the closing, and which notes, without further documentation, that the sale had been listed as a " 'Summer Closing' ", is similarly insufficient to give rise to equitable estoppel. Mangano, P. J., Lawrence, Kooper and Balletta, JJ., concur.