■ SIDNEY W. BINKS et al., Appellants, v SYED A. FAROOQ et al., Respondents.—Judgment reversed on the law and facts with costs, complaint reinstated and order granted, in accordance with the following Memorandum: In December 1981, the parties entered into a real estate contract whereby defendants agreed to purchase an apartment complex from plaintiffs. To finance their purchase, in part, defendants were required to secure a mortgage commitment on their residence by December 20. Defendants never applied for a mortgage commitment and, by letter dated December 18, advised plaintiffs that they were cancelling the contract because they did not have a mortgage commitment. Plaintiffs eventually sold the property to a third party, receiving $198,000 less than they would have received from defendants, and brought this action for money damages. After a nonjury trial, Supreme Court found that plaintiffs had failed to establish that defendants had acted in bad faith and ordered judgment entered on behalf of defendants. We reverse.

Plaintiffs relied on the testimony of their real estate agent,

which showed that defendants had knowingly failed to make an application for the mortgage commitment. The real estate agent testified that he had contacted defendants every day from December 11 to December 18 in an attempt to have defendants execute the mortgage application forms and schedule an appraisal. On each occasion, defendants declined to fill out the forms and to schedule an appraisal and told the real estate agent to contact them the next day. That conduct continued until December 18, when defendants advised the real estate agent to contact their attorney. That testimony alone is sufficient to support the inference that defendants had acted in bad faith by not cooperating with the real estate agent's efforts to see that the mortgage commitment condition was fulfilled.

In their defense, defendants offered testimony that only in the course of submitting other paper work did they learn, on December 17, that they had not applied for a mortgage. Even if, however, defendants' testimony is given full credence, the uncontroverted evidence shows that, upon learning the facts, the defendants failed to apply for a mortgage by the requisite contract date and, instead, cancelled the contract by letter dated December 18. The trial court found, relying on the testimony of defendants' attorney, that defendants had not breached the contract because the transaction could not possibly have closed by the end of the year and because the bank would not have issued a mortgage commitment in so short a time. Such finding is belied by the record. Although the attorney testified that a purchase like the subject transaction could not ordinarily close in less than 4 to 6 weeks, he further conceded that it could have been possible, in this case, to expedite the matter to satisfy the parties' time constraints. In addition, the bank officer who handled this transaction testified that the bank could have issued the mortgage commitment within 24 hours of receiving an application from defendants and completing the appraisal of defendants' house. That testimony was uncontroverted. Indeed, the bank had approved defendants' assumption of the mortgage on the apartment complex within that very time span.

We conclude that defendants breached their implied duty to act in good faith to secure a mortgage commitment, thereby breaching the parties' contract and entitling plaintiffs to recover money damages (see, Hendel v Scheuer, 150 AD2d 431; Levine v Trattner, 130 AD2d 462). Supreme Court relied on the fact that the standard mortgage contingency clause, which requires a purchaser to apply promptly and in good faith for a

certain mortgage amount for a certain term, was not included in the parties' contract, and therefore construed the contract as relieving defendants of the duty to act in good faith. That was error. " 'Every contract implies good faith and fair dealing between the parties' and the promise of defendant[s] will be implied if not found in the express terms of the contract" (*O'Neil Supply Co. v Petroleum Heat & Power Co.*, 280 NY 50, 54-55, quoting *Wigand v Bachmann-Bechtel Brewing Co.*, 222 NY 272, 277).

With respect to damages, plaintiffs are entitled to the difference between the price established in their contract with defendants and the amount ultimately received for the property (*see, Tague Holding Corp. v Harris*, 250 NY 422, 425; *Tator v Salem*, 81 AD2d 727; *Cohen v Kranz*, 15 AD2d 938, 939, *affd* 12 NY2d 242). It is uncontroverted that the amount here is $198,000. Defendants' down payment of $10,000, held in escrow by the real estate agent, should be released to plaintiffs, and plaintiffs should have judgment against defendants in the further amount of $188,000.

All concur, except Callahan, J., who dissents and votes to affirm. (Appeal from Judgment of Supreme Court, Erie County, Kane, J.—Breach of Contract.) Present—Denman, P. J., Callahan, Balio, Lawton and Davis, JJ.