■ ADVANCED SAFETY SYSTEMS NY, INC., et al., Respondents-Appellants, v MANUFACTURERS AND TRADERS TRUST COMPANY, Appellant-Respondent. (Appeal No. 1.)—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff Advanced Safety Systems NY, Inc. (ASSI) contracted with defendant Manufacturers and Traders Trust Company (M&T) for a $300,000 line of credit. Pursuant to the terms of a separate agreement, M&T was given a security interest in various forms of collateral including the proceeds of ASSI's accounts receivable held in a cash collateral account referred to as a Deposit Account. The security agreement permitted M&T to take control of the Deposit Account without notice "after the occurrence or existence of any Event of Default". Similarly, the line of credit agreement provided that it was subject to "suspension or termination at any time for any reason without prior notice to [ASSI]". Plaintiff Jon E. De-Young, ASSI's president, also executed a personal guaranty

that afforded M&T a right of set-off against his bank accounts in the event of ASSI's default.

Approximately one year after the parties entered into those agreements, after close of business on May 26, 1987, M&T vice-president Robert Smith orally demanded that ASSI pay its outstanding obligations in full. A postdated demand letter was mailed that evening and personally delivered to ASSI on May 27, 1987. The letter recited that M&T was exercising its rights of set-off against $66,471.56 in the Deposit Account because ASSI had failed to comply with its oral demand for immediate payment of the outstanding balance due on the line of credit of $129,001.34. ASSI was not advised of the nature of its default. DeYoung's personal account was also seized. ASSI was unable to meet its payroll and checks sent in payment to key suppliers were dishonored. Although ASSI satisfied the debt to M&T in a matter of months, it alleges that it has been unable to obtain adequate financing to run its business since M&T's action.

Alleging that M&T's actions were made in bad faith and for commercially unsound reasons, ASSI and DeYoung commenced this action seeking compensatory and punitive damages. Plaintiffs' complaint alleges eight causes of action based on theories of negligence, breach of a fiduciary duty, negligent misrepresentation, intentional interference with contractual rights, prima facie tort, and breach of the implied covenant of good faith and fair dealing. A cause of action is asserted on behalf of DeYoung individually for wrongful dishonor of checks written on his personal account.

Following joinder of issue, M&T moved to dismiss the complaint (see, CPLR 3211 [a] [7]) and for summary judgment. Plaintiffs cross-moved to "supplement or amend" their bill of particulars or complaint "concerning allegations of wrongful dishonor of checks in plaintiffs' account". Supreme Court granted defendant's motion dismissing all but the seventh cause of action, founded upon M&T's alleged breach of the implied covenant of good faith and fair dealing. Plaintiffs' cross motion was denied. By separate order, plaintiffs' punitive damages claims were dismissed. Defendant appeals and plaintiffs cross-appeal.

Because we conclude that plaintiffs' claims against M&T are limited to breach of contract, Supreme Court properly dismissed plaintiffs' first, third, fourth and sixth causes of action sounding in tort (see, Sommer v Federal Signal Corp., 79 NY2d 540, 551-552; see also, Quail Ridge Assocs. v Chemical Bank,

162 AD2d 917, *lv dismissed* 76 NY2d 936). Plaintiffs' second cause of action, although also based in tort, alleges that M&T's conduct was in derogation and reckless disregard of the good faith requirements of UCC 1-203. Supreme Court properly determined that such cause of action did not lie on the facts of this case *(see, Gillman v Chase Manhattan Bank,* 73 NY2d 1, 15). In the absence of an allegation that M&T intentionally procured the breach of the contracts referred to in plaintiffs' fifth cause of action, that cause of action was properly dismissed *(see, Pyramid Brokerage Co. v Citibank,* 145 AD2d 912, 912-913).

We reject M&T's contention that the court erred by refusing to dismiss plaintiffs' seventh cause of action. That cause of action alleges that the manner in which M&T terminated the credit agreement and exercised its rights of set-off against plaintiffs' bank accounts amounted to a breach of the duty of good faith and fair dealing implied in all contracts *(see, Binks v Farooq,* 178 AD2d 999, 1001, *lv denied* 80 NY2d 752). Plaintiffs allege that M&T's actions were undertaken despite the fact that no monetary default had occurred, and at a time when M&T could not reasonably have deemed itself to be insecure. In our view, whether M&T acted in good faith presents an issue of fact sufficient to defeat summary judgment *(see, K.M.C. Co. v Irving Trust Co.,* 757 F2d 752). We note that our holding is confined to the particular facts of this case. Although permitted by the express terms of the agreements, M&T's action made it impossible for ASSI, an on-going concern, to comply with its demand. We do not read *Gillman v Chase Manhattan Bank (supra)* to compel a contrary result. In *Gillman,* the Court found that the bank acted in good faith because it was justified in believing that the debtor was insolvent.

Although we conclude that the court properly denied the cross motion to amend because plaintiffs failed to submit their proposed amended pleading with the application *(see generally,* 6 Carmody-Wait 2d, NY Prac § 34:29, at 103-104), it erred by dismissing the eighth cause of action. In our view, plaintiffs' cross-moving papers were sufficient to raise an issue of fact whether M&T wrongfully dishonored checks issued on De-Young's account *(see, UCC 4-402).* Thus, the order is modified to reinstate the eighth cause of action. Although relevant to allegations made in the seventh cause of action, the complaint does not allege a cause of action on behalf of ASSI for wrongful dishonor concerning the manner in which four checks totaling some $40,000 were deducted from ASSI's

account balance on May 26, 1987 but were returned on May 27, 1987 making M&T's set-off of those monies possible that day.

Because this action seeks to redress only a private wrong stemming from defendant's alleged breach of the parties' contractual relationship, the court properly dismissed the punitive damage claims *(see, Walker v Sheldon,* 10 NY2d 401, 405). (Appeals from Order of Supreme Court, Erie County, Mintz, J.—Dismiss Causes of Action.) Present—Denman, P. J., Pine, Balio, Fallon and Davis, JJ.