■ BEHROUZ VAFA, Appellant, v KENNETH G. CRAMER, Respondent. [622 NYS2d 567] —In an action, *inter alia,* to recover a down payment pursuant to a contract for the sale of certain property, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Molloy, J.), entered December 17, 1993, which denied his motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order and judgment is affirmed, with costs.

On March 17, 1992, the plaintiff entered into a contract for the purchase of an apartment from the defendant and paid $22,800 to the defendant's escrowee as a 10% down payment. The contract of sale required the plaintiff to "apply in good faith for [a] Loan from an Institutional Lender within 10 business days after" receipt of the contract. The contract defined an "Institutional Lender" as "any bank, savings bank, savings and loan association, trust company, credit union of which [the plaintiff] is a member, insurance company or governmental entity". It is undisputed that the plaintiff went to a mortgage broker to apply for the loan and that 41 days after the plaintiff received the contract, the mortgage broker submitted the application to an "Institutional Lender". The loan was denied and the plaintiff sought the refund of his down payment. The defendant denied the request because he believed the plaintiff had failed to comply with the express terms of the contract regarding the time in which to apply for the loan. The plaintiff brought the instant action to recover the down payment and moved for summary judgment, arguing that the contract did not require him to apply directly to an Institutional Lender. The defendant cross-moved for summary judgment dismissing the complaint based upon the clear language of the contract. The Supreme Court granted the cross motion and denied the plaintiff's motion.

We find that the plaintiff breached the clear and unambiguous provision in the contract, as a matter of law, by failing to

apply for the loan within the requisite time period and, therefore, he was not entitled to a refund of his deposit *(see, Levine v Trattner,* 130 AD2d 462, 463). To the extent that this Court's decision in *Lang v Blumenthal* (203 AD2d 252) is contrary to this decision, we expressly overrule it.

In light of our determination, we need not reach the plaintiff's remaining contentions. Mangano, P. J., O'Brien, Ritter, Pizzuto and Florio, JJ., concur.