■ BONNIE & COMPANY FASHIONS, INC., et al., Appellants, v BANKERS TRUST COMPANY, Respondent. [693 NYS2d 19] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered December 3, 1998, which granted defendant's motion

to dismiss the first, second and fourth causes of action, unanimously reversed, on the law, with costs, the motion denied, and the causes of action reinstated.

The IAS Court erred in its dismissal of plaintiffs' first, second and fourth causes of action. On a pre-answer motion to dismiss pursuant to CPLR 3211 (a) (1), a dismissal is proper only when the documentary evidence submitted establishes a defense to the asserted claims as a matter of law (*Leon v Martinez*, 84 NY2d 83, 88). The opposing party needs only to assert facts which "fit within any cognizable legal theory" (*Leon v Martinez, supra*, at 87-88). Plaintiffs' allegations regarding the timing and method of terminating the Factoring Agreement and refusing to honor Letters of Credit prior to expiration of the period, without any showing by defendant that plaintiffs had breached the Factoring Agreement in any way, raise issues of fact regarding whether Bankers Trust Company breached its obligation of good faith and fair dealing to plaintiffs (*see, Advanced Safety Sys. v Manufacturers & Traders Trust Co.*, 188 AD2d 1009; *Components Direct v European Am. Bank & Trust Co.*, 175 AD2d 227). As such, the first cause of action should be reinstated. Similarly, plaintiffs' second cause of action should be reinstated as there are issues of fact outstanding regarding whether the telefax of the notice of termination to Hong Kong, to an entity which plaintiffs claim was an "affiliate", was a breach of the Factoring Agreement; a provision in section 4 of the agreement sets forth the mailing address of plaintiff's chief place of business and the office at which all books and records were maintained. Further, the complaint sets forth sufficient facts to raise the issue of whether the individual plaintiff suffered consequential damages as a result of defendant's alleged improper withholding of her collateral, at least from the time that the Bank was repaid its debt in or around 1990. Concur—Sullivan, J. P., Tom, Wallach, Lerner and Andrias, JJ.