■ BERNARD O'REILLY et al., Appellants-Respondents, v NYNEX CORPORATION et al., Respondents-Appellants, and ROBERT VAN DOVER, Respondent. [693 NYS2d 13] —Order, Supreme Court, New York County (Charles Ramos, J.), entered April 30, 1998, which, inter alia, granted in part defendants' motion and cross motion to dismiss the complaint and denied plaintiffs' motion for partial summary judgment, unanimously modified, on the law, to grant defendants' motion to dismiss to the further extent of dismissing plaintiffs' claim for breach of the covenant of good faith and fair dealing asserted against defendants NYNEX Corporation and Telesector Resources Group in "count" 118 of the complaint, and otherwise affirmed, without costs.

Plaintiffs' claims based on an alleged oral promise not to terminate the contracts between plaintiffs and the corporate defendants were properly dismissed since the written agreements prohibited oral modifications and plaintiffs alleged neither full performance of the alleged modification nor partial performance unequivocally referable to the oral promise (General Obligations Law § 15-301 [1]; Rose v Spa Realty Assocs., 42 NY2d 338, 343-344). Plaintiff's disclosure of his unauthorized payments to defendants' employee, which payments were in violation of an express prohibition in his written agreements with defendants NYNEX and Telesector Resources Group, and his cooperation in the investigation leading to the arrest of the employee who received the payments, are neither

unequivocally referable to the alleged oral modification nor incompatible with the prior written contracts. Indeed, the conduct of the individual plaintiff was consistent with his own interest in mitigating the civil consequences of his clear breach of the written contracts as well as the possible criminal consequences of his actions.

Equally unavailing is plaintiffs' claim sounding in promissory estoppel. Even aside from the issues of whether the parties' conduct is unequivocally related to the oral promise not to terminate the written contracts (*see, 99 Realty Co. v Eikenberry*, 242 AD2d 215) and whether there was reasonable reliance by plaintiffs where the written agreements prohibited oral modifications (*see, Bank of N. Y. v Spring Glen Assocs.*, 222 AD2d 992, 994), it would not be unconscionable to deny enforcement of the oral modification in view of plaintiffs' admitted prior breach of a significant provision of the written agreements (*see, Steele v Delverde S.R.L.*, 242 AD2d 414).

Plaintiffs' tort claims based on the alleged negligent retention and supervision of defendants' employees were properly dismissed since the complaint fails to allege any breach of duty independent of those imposed by the written contracts (*see, Nu-Life Constr. Corp. v Board of Educ.*, 204 AD2d 106, *lv dismissed* 84 NY2d 850). The individual plaintiff's claim for negligent infliction of emotional distress was properly dismissed since the complaint does not sufficiently allege that defendants owed him a special duty or that their conduct unreasonably endangered his physical safety (*see, LaRussa v LaRussa*, 232 AD2d 297; *Losquadro v Winthrop Univ. Hosp.*, 216 AD2d 533, 534).

The court properly sustained plaintiffs' claims for sums due on work performed after defendants were informed of the unauthorized payments and prior to defendants' termination of the contract.

We modify only to the extent of dismissing plaintiffs' claims alleging defendants' breach of their implied covenant of good faith and fair dealing. Defendants' termination of their contracts with plaintiff Wal Maintenance on 30 days' notice was in accord with the contracts' express provisions allowing for termination without cause (*see, Murphy v American Home Prods. Corp.*, 58 NY2d 293, 304). Concur—Sullivan, J. P., Lerner, Rubin and Saxe, JJ.