■ BONNIE & COMPANY FASHIONS, INC., et al., Appellants-Respondents, v BANKERS TRUST COMPANY, Respondent-Appellant. [722 NYS2d 230] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about May 17, 2000, which, in an action involving the parties' factoring agreement and the disposition of collateral given by plaintiff to defendant, granted in part defendant's motion for summary judg-

ment dismissing the complaint and granted plaintiff's cross motion to dismiss defendant's counterclaims, unanimously modified, on the law, to dismiss plaintiff's second cause of action, and otherwise affirmed, without costs.

Plaintiff's first cause of action lacks merit, its own admissions demonstrating that it, not defendant, breached the alleged oral modification to the subject factoring agreement. Plaintiff's deposition testimony and affidavit on the motion acknowledge that under the oral modification, plaintiff was to give defendant a $1 million Treasury bill as additional collateral, and defendant was to have sole discretion to require plaintiff to "roll over" the Treasury bill after its September 21, 1989 expiration date and thereby have it continue to serve as collateral. Yet when defendant attempted to memorialize this understanding in a written agreement, plaintiff insisted that the writing unconditionally provide that the bill was to be held as collateral only until September 15, 1989. This "non-negotiable" insistence is in direct conflict with plaintiff's admission that defendant had sole discretion to decide how long the bill would be held. Nor did defendant breach its obligation of good faith and fair dealing in terminating the factoring agreement on 60 days notice, where such was in accord with the express terms of that agreement (*see, O'Reilly v NYNEX Corp.*, 262 AD2d 207, 208), and where defendant honored plaintiff's every request for funding during this notice period (*compare, Advanced Safety Sys. NY v Manufacturers & Traders Trust Co.*, 188 AD2d 1009, 1011; *Components Direct v European Am. Bank & Trust Co.*, 175 AD2d 227, 229-230).

The second cause of action should also have been dismissed, and we modify accordingly. Although on a prior appeal (262 AD2d 188) this Court held that plaintiff stated a cause of action for breach of the factoring agreement in alleging defendant's sending of the termination notice to a mere "affiliate" of plaintiff in Hong Kong, plaintiff now concedes that the affiliate was wholly owned by its principal and codefendant herein, whose Hong Kong office was the affiliate's place of business. Plaintiff also now concedes that defendant "undoubtedly" had the right to send notice of termination to the individual plaintiff in Hong Kong. Under these circumstances, we perceive no breach of the factoring agreement by defendant's having sent notice of termination to the individual plaintiff at her office in Hong Kong. With respect to the remainder of the complaint, it suffices to note that given issues of fact with respect to the matters alleged in the third cause of action, i.e., the propriety of the charge backs, defendant's commercial reasonableness in

collecting receivables, whether defendant credited plaintiff for all collected receivables and whether defendant was entitled to claim certain discounts that plaintiff's customers had not claimed, issues of fact necessarily exist as to the matter alleged in the fourth cause of action, i.e., whether defendant withheld the Treasury bill collateral after plaintiff's debt to defendant had been paid. Defendant's counterclaims for attorneys' fees were properly dismissed as the factoring agreement is not "unmistakably clear" that defendant was to be entitled thereto in an action between the parties themselves (*see, Hooper Assocs. v AGS Computers*, 74 NY2d 487, 492). Concur—Williams, J. P., Tom, Andrias, Lerner and Saxe, JJ.