JEFFREY DOBBINS et al., Appellants, v JOAN MOSS et al., Respondents. [759 NYS2d 351] —In an action, inter alia, for the return of a down payment pursuant to a contract for the sale of real property, the plaintiffs appeal, as limited upon consent of the parties at oral argument, from so much of an order of the Supreme Court, Nassau County (Alpert, J.), dated September 19, 2002, as granted that branch of the motion of the defendant Joan Moss which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In April 1999 the plaintiffs, Jeffrey Dobbins and Lorraine Mazzola (hereinafter the purchasers), entered into a contract to purchase real property owned by the defendant Joan Moss (hereinafter the seller). The contract contained a mortgage contingency clause, which stated, in pertinent part, that the purchasers' "obligations * * * are contingent upon the obtaining of a commitment for fixed rate or variable rate mortgage financing from any conventional lending institution" and that the purchasers agreed "to make proper and prompt application." Only upon giving written notice of the inability to obtain financing could the purchasers cancel the contract and receive a return of their down payment. The purchasers submitted an application for financing to a mortgage broker, who rejected their application. The purchasers then demanded return of their down payment from the seller, who refused the demand on the ground that the purchasers had not submitted documentation that their application for financing was denied

by a conventional lending institution. The purchasers commenced this action, inter alia, to recover their down payment.

The purchasers are not entitled to the return of their down payment. To cancel the contract on the ground that they could not obtain financing from a conventional lending institution, the purchasers had to show that such an institution rejected their application. There is no evidence in the record of any such rejection (*see Delsack v Cumella,* 189 AD2d 640 [1993]; *cf. Fallah v Hix,* 268 AD2d 501 [2000]). Indeed, there is no evidence that the purchasers' application was ever submitted to any lending institution, either directly or by their mortgage broker (*see Vafa v Cramer,* 212 AD2d 593 [1995]; *cf. Elghanyan v Mundy,* 225 AD2d 654 [1996]). Therefore, summary judgment was properly granted dismissing the complaint. Santucci, J.P., Feuerstein, McGinity and Schmidt, JJ., concur.