RITA ANN DIBLANDA, Appellant, v ADC PINEBROOK, LLC, et al., Respondents. [843 NYS2d 429]—

In an action to recover a down payment paid pursuant to a contract for the sale of real property, the plaintiff appeals from a judgment of the Supreme Court, Dutchess County (Pagones, J.), dated June 26, 2006, which, after a nonjury trial, and upon a decision of the same court dated June 12, 2006, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

Contrary to the plaintiff's contentions, there is ample evidence in the record to support the trial court's determination that the plaintiff breached the clear and unequivocal provisions of the contract (see Matter of Wallace v 600 Partners Co., 86 NY2d 543, 548 [1995]; W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]) as well as the implied covenant of good faith and fair dealing (see Binks v Farooq, 178 AD2d 999 [1991]). In particular, the plaintiff completely failed to apply for a mortgage commitment, failed to obtain a mortgage commitment within 45 days of her former attorney's receipt of the contract, and failed to provide reasonably timely notice of her purported inability to secure a commitment (see e.g. Dobbins v Moss, 305 AD2d 534 [2003]; Vafa v Cramer, 212 AD2d 593 [1995]; Gasparino v Rigatti, 160 AD2d 973 [1990]; Hendel v Scheuer, 150 AD2d 431 [1989]; Levine v Trattner, 130 AD2d 462 [1987]). Under these circumstances, the plaintiff had no authority to cancel the contract, and the defendants were entitled to retain the down payment (see generally Maxton Bldrs. v Lo Galbo, 68 NY2d 373 [1986]). Schmidt, J.P., Santucci, Florio and Dillon, JJ., concur.