In an action for the return of a down payment pursuant to a contract for the sale of real property, the defendants Barry Furst and Phyllis Furst appeal from an order of the Supreme Court, Nassau County (Brown, J.), entered July 2, 2013, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaim to retain the down payment, and granted the plaintiffs’ cross motion for summary judgment on the complaint.
Ordered that the order is reversed, on the law, with costs, the motion of the defendants Barry Furst and Phyllis Furst for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaim to retain the down payment is granted, and the plaintiffs’ cross motion for summary judgment on the complaint is denied.
The Supreme Court erred in granting the plaintiffs’ cross motion for summary judgment on the complaint, and denying the motion of the defendants Barry Furst and Phyllis Furst (hereinafter together the sellers), for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaim to retain a down payment the plaintiffs had made toward the purchase of the subject property. The sellers established, prima facie, that pursuant to a mortgage contin *976 gency clause contained in paragraph 23 of the contract of sale, the plaintiffs were required to make an application to an institutional lender, to pursue the application with due diligence, and to cooperate in good faith with the institutional lender. Contrary to the plaintiffs’ contention, paragraph 23 does not conflict with paragraph 9 of the second rider to the contract so as to invalidate the former. Rather, the two provisions complement each other (see Green Harbour Homeowners’ Assn., Inc. v G.H. Dev. & Constr., Inc., 14 AD3d 963, 965 [2005]; Village of Hamburg v American Ref-Fuel Co. of Niagara, 284 AD2d 85, 89 [2001]). Moreover, the sellers established, prima facie, that the plaintiffs breached paragraph 23 of the contract by failing to make an application to an institutional lender. Although there was evidence that the plaintiffs made an inquiry to a mortgage broker, the mortgage broker never submitted an application to a lending institution. As a consequence, the plaintiffs failed to comply with their obligation to make an application to an institutional lender (see Dobbins v Moss, 305 AD2d 534 [2003]). In opposition to this prima facie showing, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Accordingly, the sellers are entitled to retain the down payment made by the plaintiffs.
Therefore, the Supreme Court should have granted the sellers’ motion for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaim and denied the plaintiffs’ cross motion for summary judgment on the complaint.
Rivera, J.E, Balkin, Chambers and Miller, JJ., concur.