Bigfoot Media Props., LLC v Cushman In T, LLC (2020 NY Slip Op 03888)





Bigfoot Media Props., LLC v Cushman In T, LLC


2020 NY Slip Op 03888


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-10029
 (Index No. 69452/16)

[*1]Bigfoot Media Properties, LLC, appellant,
v
Cushman In T, LLC, respondent, et al., defendant.


George S. Bellantoni, White Plains, NY, for appellant.
Belowich & Walsh LLP, White Plains, NY (Joanna F. Sandolo of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lewis J. Lubell, J.) dated July 31, 2018. The order, insofar as appealed from, in effect, upon reargument, adhered to a prior determination in an order dated March 21, 2018, denying that branch of the plaintiff's motion which was for summary judgment on so much of the complaint as sought the return of a down payment in the principal sum of $200,000 plus accrued interest and granting the cross motion of the defendant Cushman In T, LLC, for summary judgment dismissing the complaint insofar as asserted against it and on its counterclaim for a judgment declaring that it is entitled to retain the down payment.
ORDERED that the order dated July 31, 2018, is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate judgment in accordance herewith.
The plaintiff, a limited liability company, and the defendant Cushman In T, LLC (hereinafter the defendant), entered into a contract for the purchase of a one-family house owned by the defendant. The contract called for a sale price of $3,150,000. Upon the execution of the contract, the plaintiff made a down payment of $200,000, which was deposited into an escrow account maintained by the defendant's attorney. The contract contained a mortgage contingency clause that provided that the plaintiff shall make a prompt application for a "conventional" 30-year mortgage loan in the sum of $2,000,000, and that the plaintiff would be entitled to cancel the contract and receive a refund of the down payment plus accrued interest in the event that the application was denied.
The plaintiff itself never applied for a mortgage loan. Instead, Jeffrey Gerson, the sole member of the plaintiff, applied to Wells Fargo Bank, N.A. (hereinafter Wells Fargo), for a $2,000,000 mortgage loan for himself, submitting his own personal financial information rather than the financial information of the plaintiff. The application was for a loan to purchase the house as an "investment property." Wells Fargo issued a commitment letter approving a mortgage loan in the sum of $1,950,000, based on, among other things, an appraisal valuing the property at $3,000,000. According to the deposition testimony of a Wells Fargo mortgage banker, Wells Fargo would have [*2]likely approved a loan in the amount of over $2,000,000 if the applicant had sought a loan for the purchase of a primary residence rather than for an investment property. After Wells Fargo's commitment letter was issued, the defendant offered to loan the plaintiff an additional $50,000 on the "exact terms" as the Wells Fargo loan, but the plaintiff declined that offer. Instead, the plaintiff sought to cancel the contract and demanded the return of its down payment. Gerson later testified that he was no longer interested in purchasing the property for $3,150,000 after the property had been appraised at $3,000,000. The defendant refused to consent to the return of the down payment.
The plaintiff commenced this action seeking, inter alia, the return of the down payment. The plaintiff moved for summary judgment on the complaint, and the defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against it and on its counterclaim for a judgment declaring that it is entitled to retain the down payment. In an order dated March 21, 2018, the Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. The plaintiff now appeals from an order that, in effect, upon reargument, adhered to the original determination in the order dated March 21, 2018.
"A buyer who defaults on a real estate contract without lawful excuse cannot recover the down payment amount, at least where . . . that down payment represents 10% or less of the contract price" (Goetz v Trinidad, 168 AD3d 688, 690 [internal quotation marks omitted]; see Maxton Bldrs. v Lo Galbo, 68 NY2d 373, 378). Here, the plaintiff breached the contract without a lawful excuse by failing to apply for a mortgage loan (see DiBlanda v ADC Pinebrook, LLC, 44 AD3d 702; Hendel v Scheuer, 150 AD2d 431; Levine v Trattner, 130 AD2d 462). Gerson's application for a mortgage loan on behalf of himself did not satisfy the plaintiff's obligation, as a limited liability company "is a separate legal entity from its members" (Singh v Nadlan, LLC, 171 AD3d 1239; see Matter of Queens W. Dev. Corp. [Nixbot Realty Assoc.], 121 AD3d 903, 905). This case is therefore distinguishable from Sciales v Foulke (217 AD2d 693), where we held that the purchasers, defined in the contract as three named individuals, made a genuine effort to secure a mortgage loan even though one of the three purchasers did not join in the loan application. In Sciales, two of the purchasers obtained a conditional loan commitment but could not satisfy the condition through no fault of their own. No evidence was provided by the seller that the inability to satisfy the condition was due to the failure of the third purchaser to join in the loan application. Here, in contrast, the only named purchaser never applied for a mortgage loan and Gerson himself did not obtain a mortgage loan because he failed to make good faith efforts to obtain financing, a failure attributable to his unwillingness to purchase the property at the contract price.
Thus, on its cross motion, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it and on its counterclaim for a judgment declaring that it is entitled to retain the down payment (see Alvarez v Prospect Hosp., 68 NY2d 620, 624). In opposition, the plaintiff failed to raise a triable issue of fact. For the same reason, the plaintiff failed to meet its burden on its own summary judgment motion.
Accordingly, we agree with the Supreme Court's determination, upon reargument, adhering to its prior determination granting the defendant's cross motion and denying that branch of the plaintiff's motion which was for summary judgment on so much of the complaint as sought the return of the down payment. We remit the matter to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the defendant is entitled to retain the down payment (see Lanza v Wagner, 11 NY2d 317, 334).
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court