Landa v McGuire (2024 NY Slip Op 00301)

Landa v McGuire

2024 NY Slip Op 00301

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2021-01136
 (Index No. 513122/16)

[*1]Benjamin Landa, respondent,
v F. James McGuire, et al., appellants.

Barclay Damon, LLP, New York, NY (Michael J. Case and Kayla Arias of counsel), for appellants.
Abrams Fensterman, LLP, White Plains, NY (Robert A. Spolzino of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for unjust enrichment, the defendants appeal from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated December 30, 2020. The order denied the defendants' motion for summary judgment dismissing the amended complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the amended complaint is granted.
The defendants operated several nursing homes and an affiliated pharmacy. In 2014, the defendants retained a broker to sell the pharmacy. One of the plaintiff's business partners introduced the plaintiff to the defendant F. James McGuire. The plaintiff, who had a preexisting relationship with a consultant for nonparty PharMerica Corporation (hereinafter PharMerica), proposed purchasing the defendants' interest in the nursing homes and finding a third-party buyer for the pharmacy. Either McGuire or one of McGuire's attorneys indicated orally that the plaintiff's proposal would work.
The plaintiff and the defendants entered into a memorandum of understanding dated
May 14, 2015, which granted the plaintiff and six other "principals" an exclusive right to purchase the defendants' nursing home business for 90 days subject to certain conditions, including the consummation of PharMerica's acquisition of the defendants' pharmacy.
In September 2015, PharMerica purchased the pharmacy. The purchase agreement provided for a broker's fee to the broker retained by the defendants in 2014. The defendants never reached a final agreement to sell their nursing home business to the plaintiff.
Thereafter, the plaintiff commenced this action to recover damages for unjust enrichment. The plaintiff alleges that his efforts to obtain a purchaser for the pharmacy were "solely in reliance" on the defendants' repeated representations that the transaction to sell the nursing home business to the plaintiff would be consummated if the plaintiff located or assisted in locating a potential buyer for the pharmacy, and that the defendants were unjustly enriched by these efforts because they did not complete the transaction or compensate the plaintiff. The defendants moved [*2]for summary judgment dismissing the amended complaint. In an order dated December 30, 2020, the Supreme Court denied the motion. The defendants appeal, and we reverse.
General Obligations Law § 5-701(a)(10) provides that "agreements to pay compensation for services rendered with respect to the negotiation of the purchase of . . . a business" must be in writing (JF Capital Advisors, LLC v Lightstone Group, LLC, 25 NY3d 759, 766 [emphasis omitted]). In an action sounding in quantum meruit, for the reasonable value of services, "a sufficient memorandum need only evidence the fact of plaintiff's employment by defendant to render the alleged services" (Morris Cohon & Co. v Russell, 23 NY2d 569, 575-576; see Trueforge Global Mach. Corp. v Viraj Group, 84 AD3d 938). "[T]he statutorily required writing need not be contained in one single document . . . but rather may be furnished by 'piecing together other, related writings'" (William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh, 22 NY3d 470, 477, quoting Henry L. Fox Co. v Kaufman Org., 74 NY2d 136, 140). In the absence of such writings, "quantum meruit and unjust enrichment claims brought to recover the value of plaintiff's services in helping to achieve a corporate acquisition are barred by the statute of frauds contained in General Obligations Law § 5-701(a)(10)" (Snyder v Bronfman, 13 NY3d 504, 506).
Here, the defendants established their prima facie entitlement as a matter of law by submitting, inter alia, the parties' memorandum of understanding, which is silent as to the issue of the plaintiff finding a buyer for the defendants' pharmacy, and an affidavit in which McGuire averred that there was no written agreement between the plaintiff and the defendants that the defendants would compensate the plaintiff for finding a buyer (cf. JF Capital Advisors, LLC v Lightstone Group, LLC, 25 NY3d 759, 765-766; Snyder v Bronfman, 13 NY3d at 509). Contrary to the plaintiff's contention, even when the memorandum of understanding is pieced together with emails sent by McGuire in August 2015 proposing possible payment terms to the plaintiff in connection with the contemplated sale of the defendants' two businesses, these writings are insufficient to satisfy the statute of frauds (see James V. Aquavella, M.D., P.C. v Viola, 79 AD3d 1590, 1596; Page v Muze, Inc., 270 AD2d 410, 410; cf. Morris Cohon & Co. v Russell, 23 NY2d 569, 575).
Furthermore, in light of the plaintiff's deposition testimony regarding his preexisting relationship with PharMerica and his interest as a potential investor in the defendants' nursing home business, the plaintiff's conclusory assertions that he undertook a "costly and time consuming" search for a buyer in reliance on "repeated assurances" that he would be compensated were insufficient to raise a triable issue of fact as to the applicability of the doctrine of equitable estoppel (see Gasparino v Rigatti, 160 AD2d 973, 976).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the amended complaint.
DILLON, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court